In the Matter of the Application for Letters of Administration on the Goods, etc., of THOMAS F. SHEEDY, Deceased.

MINERVA L. SHEEDY, Appellant; MARY JANE RILEY, Respondent.

First Department, December 5, 1919.

**Decedent's estate — letters of administration — evidence establishing that petitioner was wife of decedent — foreign divorce followed by common-law remarriage.**

On a petition for letters of administration it appeared that the petitioner had been married to the decedent by a religious ceremony in 1885; that after a quarrel with her husband she obtained a decree of divorce in the State of Illinois upon the ground of cruel and inhuman treatment in which action the summons was served by publication and the defendant did not appear, and that afterwards the husband refused to recognize the validity of the divorce. Subsequently he induced the petitioner to return to him as his wife and they lived in marital relations for several years but subsequently separated after the death of a child. In 1906 the petitioner, having heard that her husband was dead, married another man with whom she lived until she discovered in 1916 that her first husband was still alive, when she applied for an annulment and after decree granted, returned to her husband. On all the evidence, *held*, that notwithstanding the prior divorce the petitioner was the wife of the decedent and entitled to letters of administration, for their marital relations after the divorce were sufficient to constitute a common-law marriage within this State.

APPEAL by Minerva L. Sheedy, petitioner, from a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said court on or about the 12th day of May, 1919, denying to the said Minerva L. Sheedy letters of administration upon the estate of Thomas F. Sheedy upon the ground that she was not the widow of the said Thomas F. Sheedy.

*Joseph W. Murphy* of counsel [*John S. Keith* with him on the brief; *Armstrong & Keith*, attorneys], for the appellant.

*John J. Dwyer*, for the respondent.

PER CURIAM:

This appellant and Thomas F. Sheedy were duly married by a Catholic priest in 1885. They lived together until about

1890, at which time they had a quarrel and separated. The appellant went to Chicago and there obtained a decree of divorce on the ground of his cruel and inhuman treatment. This decree of divorce was obtained upon service of the summons by publication. The parties had a child which was about four years old in 1890. Thomas F. Sheedy had no notice of the proceeding and was first informed of the decree by letter from the appellant. He refused to recognize the validity of the divorce and wrote to the appellant several letters, asking her to come back to him and remain his wife, recognizing his faults and claiming that he was not alone at fault. In one letter dated November 23, 1890, he says: " I have written this letter and want you to answer me at once if you are willing to remain my wife." Another letter was written upon November twenty-sixth, in which he says: " I want you to be to me what you have been this past five years my wife can a man say fairer." In response to these letters the appellant came back to Sheedy and lived with him in New York State for three years as his wife. In these letters Sheedy showed great affection for the child and also great affection for the appellant. During the three years not only did they live as husband and wife, but they acknowledged themselves as such, visiting his relatives and others in that acknowledged relation. During the three years the child died and sometime later after another quarrel between the parties the appellant again left Sheedy and went to Chicago. In 1906 she had not heard from Sheedy for many years and meeting a friend of Sheedy's upon the street was told that Sheedy was dead. After this she married one Doyle, and lived with him as his wife until 1916, at which time she discovered that Sheedy was still alive. She immediately applied for an annulment of her marriage with Doyle and the decree was granted. Thereafter she saw more or less of Sheedy, living with him part of the time, living four months with him at the Hotel Breslin, New York, as his wife, living with him in Washington and going south with him. Sheedy was a sick man for a couple of years prior to his death. He died in a hospital in New York, at which time the appellant was not with him, nor had she lived with him after they left Washington, and she had gone back to Chicago, as the nurse says,

for the expressed purpose of selling her furniture. Upon these facts we are of opinion it must be held that the appellant is the widow of Sheedy. The divorce in Chicago in 1890 was obtained without personal service of the summons upon Sheedy. He had consistently refused to recognize that as a divorce. Even if the appellant herself would otherwise be held estopped from claiming that the court was without jurisdiction, her living with Sheedy thereafter for three years in the acknowledged relation of husband and wife would constitute at common law a marriage within this State which would be as effective as a ceremonial remarriage. There is no evidence that she at any time after 1893 made any claim under her decree of divorce made in 1890. Whatever her ilfe may have been, there is nothing in the evidence to impair the effect of her living with Sheedy in this State as his wife from 1890 to 1893 constituting, if necessary so to hold, a remarriage of the parties.

The decree, therefore, should be reversed and the surrogate directed to issue to her letters of administration, if she be otherwise found competent to act. Costs of appeal to appellant.

Present — CLARKE, P. J., LAUGHLIN, SMITH, MERRELL and PHILBIN, JJ.

Decree reversed, with costs, and the proceeding remitted to the surrogate for further action in accordance with the opinion of this court.