FREDERICK J. WHEELER, Appellant, *v.* HELEN THOMA LEWIS and HAROLD H. CORBIN, as Executors, etc., of GRACE V. THOMA, Deceased, and Others, Respondents.

Third Department, November 15, 1922.

Fraudulent conveyances — action under Real Property Law, § 268, by creditor to set aside conveyance by deceased insolvent debtor — property was transferred by debtor, through daughter, to debtor and wife as tenants by entirety — indebtedness existing at time of transfer paid — debtor solvent at time of transfer but insolvent at time of death — complaint amended to allege intent to defraud subsequent creditors — fraudulent intent is question of fact under Real Property Law, §. 265 — error to dismiss complaint as matter of law.

In an action under section 268 of the Real Property Law by a creditor of a deceased insolvent debtor to set aside a transfer of real estate on the ground that it was made in fraud of the rights of the creditor, the question of fraudulent intent is, under section 265 of the Real Property Law, a question of fact.

Accordingly, it was error for the court to dismiss the complaint as a matter of law at the close of plaintiff's case, as it appears that the debtor at the time of the transfer in question was solvent but was insolvent at the time of his death; that the real property was transferred by the debtor through his daughter to himself and his wife as tenants by the entirety and without consideration; that the indebtedness owing to the plaintiff at the time of the transfer had been paid in full; that the complaint was amended for the purpose of alleging that the transfer was made with the intent of defrauding subsequent creditors, and

that the debtor and his wife made certain declarations or admissions which tended to show that the property was transferred for the purpose of protecting the wife in case of the death of the husband.

APPEAL by the plaintiff, Frederick J. Wheeler from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Saratoga on the 31st day of January, 1922, upon the dismissal of the complaint by direction of the court after a trial before the court without a jury at the Saratoga Trial Term.

*William Rooney,* for the appellant.

*Butler, Kilmer & Corbin* [*Walter P. Butler* and *Harold H. Corbin* of counsel], for the respondents.

VAN KIRK, J.:

Gustave W. Thoma was the owner of a business building in which he conducted a bakery and store. On September 24, 1918, he conveyed, through his daughter, this real estate to himself and his wife, as tenants by the entirety, no consideration being paid. These deeds were executed before the county clerk of Saratoga county and on the following day were recorded. At the time of this transfer Thoma was indebted to this plaintiff in the sum of $845.18, the balance on an open account, begun December 2, 1915, containing continuous charges and credits. Thoma was then indebted (including the above balance to the plaintiff) in the sum of $2,045.88, $800 of which indebtedness was in two notes, made by Thoma and indorsed by his wife; and was the owner of cash in the banks and stock and fixtures in his store in the sum of $4,050.05. He thus had property other than that conveyed substantially double the amount of his indebtedness, and the $800 of note indebtedness was protected by this real estate as well after the transfer as before. Also he had his interest in the real estate as cotenant of the title with his wife, which interest could be sold to pay his debts; and, if he survived his wife, he took full title. The real estate, incumbered to the extent of $3,300, was sold after the death of Mr. and Mrs. Thoma for $8,500; it was worth as much at the time of its transfer. When the transfer was made both Thoma and his wife were sick. On August 14, 1920, substantially two years after the transfer, Thoma died very suddenly, leaving no will and owning his stock of goods, his store fixtures, trucks and equipment for doing his business. His widow, Grace Thoma, died January 3, 1921. During the five months she survived him she continued the business and for many years prior to that time she had assisted him in his store and bakery.

The record contains two open accounts between Thoma and

this plaintiff. The last charge in the first account, " Plaintiff's Exhibit No. 1," is entered August 12, 1918. The second account, " Defts Exhibit No. 1," begins November 12, 1918. The plaintiff, examined by defendants' attorney, testified: " Q. Between the 24th of September, 1918, and the 12th of November, 1918, had there been some adjustment or settlement of your account with Mr. Thoma? A. The balance that was spoken of had been paid at that time. Mr. Rooney [plaintiff's attorney]: While this was going on, was Mr. Thoma obtaining merchandise from you on credit? A. He was. Q. When was that $850 account paid, you say? A. On September 8th, 1919, there was a credit of $300, and the balance, $345, was paid on October 4th, 1919." There was then a break in purchases by Thoma from plaintiff from August 12, 1918, to November 12, 1918. There is no explanation of this break or why the account is stated in two separate accounts, except the intimation in the question and answer first above quoted. At the time of the death of Mr. Thoma this second account totaled, charges $17,928.55 and credits $16,675, leaving a balance of $1,253.55; cash payments varying from $100 to $500 had been continuously made by Thoma. Plaintiff also held Thoma's promissory note for $450, making the total indebtedness on open account and note $1,703.55. Thoma was a German and there was apparently much criticism of him during the war. Several witnesses testified also to declarations said to have been made by Thoma and his wife, showing that his business decreased decidedly during this war period; that he found it difficult to pay his creditors; he said for example that " he must do something to save his property for his wife during her lifetime as she was in ill health; " also " he would sell his property and pay up his debts if he didn't have $5 left." They told that they had transferred the property, one witness testifying that Mrs. Thoma said they had transferred the property for her benefit in case anything should happen to Gus suddenly. There were other declarations related by witnesses. Thoma did not transfer his business, his fixtures or his business equipment and naturally retained his name at the store and upon his delivery trucks. The account shows, and it is not disputed, that the indebtedness existing at the time of the real estate transfer had been fully paid; and, while these payments were being made (although the plaintiff testified that this account was paid in November, 1918), this plaintiff was extending credits for goods purchased to Thoma. Thoma's business improved after the extreme depression and his bank balances were larger generally after the transfer than before. Plaintiff served an amended complaint for the purpose of alleging that the transfer was made with

the intent of defrauding subsequent creditors. The action was brought after the death of both Mr. and Mrs. Thoma.

At the close of the plaintiff's case the defendants moved for a dismissal of the complaint on the grounds that the cause of action alleged had not been proven, nor had any cause of action been proven. The court stated there were two difficulties with plaintiff's case: (1) The amount of the existing indebtedness has been paid; (2) it is conceded that, at all times up to the time of Thoma's death, he had personal property sufficient to pay all his debts; he had the right to sell his real estate if he still had property enough left to pay his debts. The motion was granted. The court made no written findings. The judgment entered dismissed the complaint. The appeal is from this judgment.

The action is brought under section 268 of the Real Property Law, permitting a creditor of a deceased insolvent debtor, having a claim exceeding $100, to maintain an action to set aside a transfer of real estate, made by such deceased in fraud of the rights of creditors, without having first obtained a judgment on such claim. This deceased debtor was not insolvent at the time of the transfer, but was insolvent at the time of his death. Section 265 of the Real Property Law provides: " Fraudulent intent, question of fact. The question of fraudulent intent in a case arising under this article, shall be deemed a question of fact and not of law; and a conveyance or charge shall not be adjudged fraudulent as against creditors, purchasers or incumbrancers, solely on the ground that it was not founded on a valuable consideration."

The court dismissed the complaint upon the two grounds stated. These two grounds or facts are elements of proof tending to show absence of fraudulent intent, as is also the fact that he transferred this property to himself and his wife, thus leaving it, during his life, in part answerable for his debts and, if he survived his wife, fully answerable. But there is also the evidence of declarations or admissions; and, while such evidence has been justly characterized as " dangerous and unreliable," it is in the case to be considered and given such weight as the court deems it deserves. The court did not intend to and did not decide the question of fact. Had the record been treated as completed and findings of fact made, the case could now be finally disposed of. (See *Durland* v. *Crawford*, 183 App. Div. 763.)

Giving the appellant, as is his right on this appeal, the most favorable construction of the evidence, there was a question of fact, the alleged fraudulent intent, to be decided and the complaint should not have been dismissed as a matter of law. Without

intimating what conclusion this court would reach on the record as it is as to the question whether or not the conveyance was made with intent to defraud either prior or subsequent purchasers (Real Prop. Law, § 262) or creditors (Id. § 263), we think a new trial should be granted. (Civ. Prac. Act, § 584.) The defendants may desire an opportunity to offer evidence.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.