MATTER OF LLOYD M. COFER. **587**

Misc. 587]    Surrogate's Court, New York County, November, 1922.

In the Matter of the Estate of LLOYD M. COFER, Deceased.

Surrogate's Court, New York County, November, 1922.

**Executors and administrators — right to administer as between several wives.**

After twins were born to decedent and respondent in 1884 they resided together as man and wife for twenty-three years but for some reason not fully explained by the testimony the decedent and his wife separated in 1911 and though they both continued to reside in the same city until his death there was no proof that they were ever divorced.    Letters of administration were granted *ex parte* to her as his widow.    *Held*, that an application for the revocation of the letters made by one claiming to have been married to decedent in May, 1919, will be denied.

APPLICATION to revoke letters of administration.

*H. H. Snedeker*, for petitioner.

*John E. O'Brien*, for Cassandra Cofer, administratrix.

FOLEY, S.    This is an application to revoke letters of administration granted *ex parte* by this court to Cassandra Cofer as the widow of the decedent.    The petitioner herein, May Bell Cofer, claims to have married the decedent on May 15, 1919, and to have been his lawful widow at the time of his death.    The respondent claims to have been previously married to him and that his second marriage was void.    There is some proof of a ceremonial marriage by a negro minister between Cassandra Cofer and intestate in Boston in December, 1883.    But I have disregarded the evidence on this point, for there is ample proof in the record of a common-law marriage between them.    Petitioner relies principally on statements made by the respondent in letters to her husband, not long before their separation, to disprove that the respondent was married to decedent.    In their homely way, her letters clearly evidence a refinement of sentiment.    She seems to have been a good wife and mother, and not without religious inclinations.    These letters are not inconsistent with the existence of a common-law marriage. Twin boys were born to the couple in 1884, one of whom died in infancy.    The parties subsequently took up their residence in New York city, where they resided as man and wife for approximately twenty-three years.    The surviving twin was baptized in this city and was given the name of his father.    He resided with his parents before and after he was married.    He died in 1906 leaving him surviving a son.    The decedent appears to have been fond of his grandson, and interested himself in obtaining employment for him.    For some reason, not fully explained by the testi-

mony, the decedent and his wife separated in 1911. There is no proof that the parties were ever divorced. They both continued to reside in this city, and up to the death of Cofer both parties knew of the existence of the other. There is no issue of the second marriage. This situation demonstrates the application of rules as to the various presumptions which the law invokes. See discussion of the law of presumptions by Chafee, Harvard Law Review, January, 1922, p. 315. Where there are conflicting presumptions of unequal weight, the stronger will prevail, and the presumption which has the least probability to sustain it must yield to the more probable one. *Palmer* v. *Palmer*, 162 N. Y. 130. While the facts give rise to the presumption of the validity of the second marriage, which was ceremonial, this presumption is destroyed by the presumption of the continuance of the first marriage and by the much stronger presumption of the legitimacy of the issue of the first union. *Matter of Meehan*, 150 App. Div. 681.

From the foregoing facts and principles I find that the decedent and respondent were validly married and that Cassandra Cofer was his wife at the time of decedent's death. *Hynes* v. *McDermott*, 91 N. Y. 451; *Gall* v. *Gall*, 114 id. 109; *Matter of Tyrrell*, 115 Misc. Rep. 715; affd., 198 App. Div. 1001; *Ellis* v. *Kelsey*, 118 Misc. Rep. 763; *Matter of Flynn*, Id. 876.

Application denied. Submit order on notice accordingly.

Decreed accordingly.