In the Matter of the Estate of JAMES W. MEYERS, Deceased.

Surrogate's Court, New York County, April 6, 1927.

Husband and wife — common-law marriage — evidence showing decedent and woman claiming to be his widow openly lived as man and wife fifteen years, warrants finding there was valid common-law marriage — widow's estate entitled to distributive share in decedent's estate — evidence of decedent's son incompetent under Civil Practice Act, § 347 — estoppel.

In this proceeding to determine whether or not a woman who was named administratrix, under her claim as widow of decedent, was in fact decedent's wife, evidence that they lived together as man and wife for more than fifteen years, and that decedent publicly acknowledged her as his wife during that period, warrants a finding that there was a valid common-law marital relationship between the parties, so that her estate is now entitled to her distributive share of decedent's estate.

Testimony of one of decedent's sons, attacking the status of the widow, being incompetent under section 347 of the Civil Practice Act, because it was offered in his own behalf against the administrator of the deceased widow, was properly excluded.

A son of the decedent by a previous marriage was, by his conduct prior to the death of the widow, estopped from subsequently attacking her status.

ON confirmation of report of referee.

*Jerome & Rand* [*Murray D. Welch* of counsel], for Laurence A. Dunbar, as administrator of Ida Davis Meyers, deceased.

*Glenn & Ganter* [*Garrard Glenn* and *Frank W. Demuth* of counsel], for Walker J. Meyers, individually and as surviving administrator of John W. Meyers, deceased.

FOLEY, S. The report of the referee is confirmed and the exceptions thereto are overruled.

(1) A reading of the record leads to only one conclusion, that there was a valid common-law marriage between the decedent and Ida Davis Meyers, who was appointed administratrix under her claim as widow of the deceased. (*Hynes* v. *McDermott*, 91 N. Y. 451; *Gall* v. *Gall*, 114 id. 109; *Matter of Sheedy*, 189 App. Div. 582;

affd., 229 N. Y. 588; *Matter of Cofer*, 119 Misc. 587; affd., 206 App. Div. 657; affd., 237 N. Y. 512; *Matter of Kelly*, 238 id. 71; *Badger* v. *Badger*, 88 id. 546.) The facts here disclose that this was not a case of secret or illicit association between the parties. They lived together as man and wife for more than fifteen years, and the intestate openly and publicly acknowledged and introduced her as his wife during that entire period. His declarations, moreover, furnish strong supporting proof of the existence of a lawful marital relationship. The only material evidence offered to refute the marriage was as to certain admissions alleged to have been made by the widow after the death of the decedent, to the effect that they had never been married. Although the testimony of the attorney as to the admissions of July 12, 1923, was not privileged and was competent under the decisions in *Doheny* v. *Lacy* (168 N. Y. 213) and *Hurlburt* v. *Hurlburt* (128 id. 420), that evidence is weakened by other circumstances in the case. These admissions were entitled to little weight because of the impaired mental condition, at the time, of the widow which resulted almost immediately thereafter in an adjudication of her insanity and her commitment to an insane asylum. But as to these and other prior admissions of the widow the referee has correctly found that she merely intended that she and the decedent had never been married by a civil or religious ceremony. The general rule as to the admissibility of oral admissions requires that they be received with careful scrutiny of the circumstances under which they were alleged to have been made. This is so because of the difficulty that the witness may color the admission so as to give the word of the declarant an entirely different meaning than that intended. (*Gangi* v. *Fradus*, 227 N. Y. 452, 458.)

(2) In view of my holding that the admissions of the deceased widow on July 12, 1923, are entitled to little weight, the question as to the admissibility of the testimony of the son of decedent becomes relatively unimportant. But his testimony as to transactions with his father in the latter's lifetime was clearly inadmissible and incompetent under section 347 of the Civil Practice Act. Moreover, he was not a competent witness to testify after the widow's death to personal transactions with her. Section 347 prohibited such evidence because it was offered in his own behalf against the administrator of the deceased widow.

(3) I hold further that Walker J. Meyers, the son of the decedent by a previous marriage, was, by his conduct prior to the death of the widow, estopped from subsequently attacking her status. He accepted appointment as coadministrator with her. The petition for administration disclosed the fact that she claimed

letters in her capacity as widow. He recognized that relationship for a period of four months and up to the time of her death. He participated in the payment of estate funds to her in her capacity as widow and as a beneficiary of the estate. He never moved for revocation of her letters nor attempted to question her marital relationship to his father. Moreover, the clear inference must be drawn from the testimony that he knew of their marital relationship for a considerable period of years before his father's death. As late as July 25, 1923 (within ten days of her death), he verified a petition in the transfer tax proceeding in which she was named as a party interested in the estate. The verification of this petition took place several days after her alleged admission to him that she had not been married to his father. His subsequent contention that there had been no marriage was plainly an afterthought. During her lifetime he was willing to permit her to share in her husband's estate, but after her death, the fact that her next of kin might participate in all probability furnished a sufficient motive in his mind to attempt to convert his father's relations with her into those of paramour and mistress. I hold that he is, therefore, precluded by his own conduct and acquiescence and is now estopped to question the fact that the deceased administratrix was the lawful widow of his father.

Under all the circumstances and upon the proof in the record, the referee was correct in holding that a valid common-law marriage existed. The estate of the deceased widow is entitled to her distributive share. Submit decree on notice confirming the referee's report and settling the account accordingly.