In the Matter of the Judicial Settlement of the Account of Proceedings of MOSES T. BARROWS, as Executor of the Last Will and Testament of JACOB FEIN, Deceased.

Surrogate's Court, Bronx County, July 23, 1928.

Executors and administrators — accounting — interested party — will made bequest to petitioner stating it to be as reward for services in past and in expectation of services to be rendered — proof shows that petitioner rendered services until death of testator — petitioner is interested party.

The petitioner seeks to compel the executors to account and is met with the objection that she is not an interested party and, therefore, not a proper party to institute the proceeding, under section 259 of the Surrogate's Court Act. The will devised to the petitioner a sum of money as a reward for her services previously rendered to the testator and for services to be rendered. The contention by the executor that the petitioner severed her relationship with the testator long before his death, is not sustained by the proof which establishes that even though she was not living in the same house with him, she did work for him up to the time of his death. Therefore, the petitioner has established her right as an interested party and may maintain this proceeding.

JUDICIAL settlement of account of executor.

*Frank H. Mackintosh,* for the petitioner.

*Moses T. Barrows,* for the executors.

SCHULZ, S. The petitioner has brought this proceeding to compel one of the executors of the last will and testament of the decedent to account. The latter interposed an answer in which,

among other things, he challenges the right of the petitioner to begin the proceeding in question. This makes it proper to determine her status before an accounting is ordered upon her demand. (Civ. Prac. Act, § 443, subd. 3, as amd. by Laws of 1921, chap. 372; *Matter of Wagner*, 119 N. Y. 28; *Matter of Cook*, 244 id. 63, 72; *Matter of Fox*, 166 App. Div. 718; *Matter of Hamilton*, 76 Hun, 200; *Henry* v. *Henry*, 4 Dem. 253.)

In order to compel an accounting, she must be a party interested (Surrogate's Court Act, § 259, as amd. by Laws of 1927, chap. 634), and she bases her claim of interest upon a provision contained in the codicil to his last will and testament, which is as follows: " I give and bequeath to my caretaker and maid, Gross Rosenfeld, as a reward for the kind, devoted and faithful manner in which she has taken care of me in the past and in the expectation that she will continue to do so, the sum of FIVE THOUSAND (5,000) DOLLARS, provided that she be in my employ at the time of my death."

Pursuant to a stipulation, she has filed a bill of particulars in which she alleges that she was originally employed by the wife of the decedent on or about the 8th day of January, 1921, at a compensation of fifty dollars per month as a houseworker; that the latter died two or three months thereafter, and the petitioner remained in the employ of the dececent at a salary of fifty dollars a month until October, 1926, when she entered into a modified agreement to continue such services, although living elsewhere, for which the decedent agreed to pay her five dollars or ten dollars a week, and that she continued under said agreement until the date of decedent's death and has been paid for all of such services except those rendered in the last week. The decedent died on December 2, 1926, so that if her allegations are correct, she was employed by the decedent and his wife for a period of almost six years.

On or about the 22d day of May, 1926, the petitioner married. Thereafter she and her husband remained in the decedent's household for a time, and then the husband took a furnished room alone and later in October, 1926, they took an apartment and left the decedent's premises. Her contention, however, is that she continued to work for the decedent, and at or about the time of his death, steps were under way by which the decedent again was going to take up his abode in conjunction with the petitioner and her husband.

There seems to be no dispute about the fact that the petitioner did render services up to the time when she and her husband left the premises of the decedent. The claim is made that this ended the employment, and that, therefore, she cannot recover under the provisions of the will heretofore quoted. It will be observed, however, that there is nothing in the will which provides that the

petitioner must reside in the household of the decedent or that she must do any particular kind of work. The fact that she did not reside with him in his home at that specific time is not decisive of the question. At best, it is simply one of the things to be considered in arriving at a conclusion on the real question of employment.

From an agreement between the decedent, the petitioner and her husband dated July 23, 1926, which is in evidence, it appeared that at or about that time the petitioner was not in the employ of the decedent, but pursuant to the agreement in question, again entered the same. The codicil in which the provision is made for her benefit is dated September 22, 1926, two months after the date of the agreement, so that it would appear that her services during that time were satisfactory to the decedent.

There is an abundance of evidence showing that she continued to come to the home of the decedent almost daily, practically up to the time of his death, and was on good terms with him. Apparently disinterested witnesses testified that she worked for him at those times, and that the decedent said he was paying her. Among other evidence testimony as to admissions against interest alleged to have been made to various persons by the petitioner was offered to disprove her contention that she continued in the employ of the decedent until the time of his death. If such admissions were made and correctly understood, they would, of course, be of great weight in determining whether or not she has sustained the burden of proof which is upon her. She admits conversation with the witnesses in question, but denies that she made the admissions stated. Evidence of this kind should be scrutinized with care. As was said in *Gangi* v. *Fradus* (227 N. Y. 452, 458): " To remember and narrate accurately the statements of another is difficult. The narrator may be thoroughly honest in his belief that he has given the exact words of the admission, and be mistaken. Transposition of a word or words in the narration may give a meaning other than the real. A listener is liable to misunderstand or forget what was really said or intended by the declarant, or to incorrectly relate it. A word, or a look, misunderstood, may produce upon his mind a meaning different from that which the declarant intended to convey. The declarant may not have expressed his meaning." (See, also, *Wheeler* v. *Lewis*, 203 App. Div. 222, 225; *Matter of Meyers*, 129 Misc. 760; *Matter of Ennever*, 116 id. 32, 36.)

In my opinion she has established her status by a fair preponderance of evidence. Her petition is, therefore, granted and an order may be entered that the account be filed as prayed for within thirty days after the service of an order and notice of entry thereof upon the attorney for the respondent.