446

In the Matter of the Accounting of ELISABETH S. RATHSCHECK, as Administratrix of the Estate of EDGAR R. RATHSCHECK, Deceased.

Surrogate's Court, New York County, January 28, 1948.

*Michael Goldberg* for administratrix, petitioner.

*George E. Schwarz* for Wolgang Rathscheck and others, respondents.

*Oscar L. Meyerson* for Margarethe Wiese, respondent.

*Thomas F. Hennessy,* special guardian for Norma Janssen and others, infants, respondents.

DELEHANTY, S. In this accounting proceeding it is necessary to pass upon the status of the fiduciary herself as claimant and as distributee. The amount in the estate is less than $10,000. If the accounting party is not the widow of deceased or (being such widow) is disentitled to a status as distributee the collaterals of deceased will take the net estate.

The matrimonial history of deceased and his wife is this: After differences between them they agreed on the procurement of a " mail order " Mexican divorce and by their joint action caused a Mexican court to issue on May 19, 1944, a decree which purported to terminate the marriage between deceased and the administratrix. Of record, the wife was plaintiff and deceased defendant. Two years thereafter the administratrix brought an action for absolute divorce in the Supreme Court of this State. Her complaint recited the Mexican divorce and asked that it be declared void. She asked for an absolute divorce against deceased on statutory grounds, naming as corespondent an individual who is an objectant here because of the rejection of a claim made by her against the estate. The divorce action went to interlocutory decree on October 11, 1946. That decree followed the prayer of the complaint. Deceased died on December 14, 1946, before the expiration of the three months' period prescribed in the Civil Practice Act for finality to an interlocutory decree.

The account filed sets up as purported personal claims certain payments made of debts of the deceased out of the personal resources of the administratrix. Her status as administratrix is not directly challenged and, hence, the listing of debt payments as personal claims is improper. The transactions properly are reportable in the debt schedules. No criticism of the payments having been made the administratrix will have credit in her account therefor. The remaining items listed in schedule D-2 as personal claims are in two instances claims for setoff of exempt property in the aggregate amount of $425. Two other items listed in the schedule are so listed because the amounts are reported in schedule A as estate property though later claimed by the administratrix. One of them is listed as a payment of a death benefit to " widow " by the union to which deceased belonged. The other is listed as a receipt " out of Prudential Life Insurance policy benefit ". The validity of

the claim to the items listed as exempt property depends on the same legal question as that presented by the proof of the matrimonial status of the parties. The other two items are commented upon later.

The major question relates to the effect of the Mexican decree when considered in the light of our Statute of Distribution. The Commission to Investigate Defects in the Laws of Estates presented to the Legislature in 1929, a series of proposals for legislation one of which was enacted as section 87 of Decedent Estate Law (L. 1929, ch. 229, § 6). So far as pertinent here that section says: " No distributive share of the estate of a decedent shall be allowed under the provisions of this article * * * to a spouse who has procured without the state of New York a final decree or judgment dissolving the marriage with the decedent, where such decree or judgment is not recognized as valid by the law of this state". In presenting this legislation the commission appended a note which said (Combined Reports of Decedent Estate Comm., Reprint, pp. 202–203) : " The word ' divorce ' in subd. (a) is intended to include any judgment or decree which dissolves the marriage, upon whatever ground rendered, and is not intended to be limited in its application to a divorce on the ground of adultery. The words ' recognized as valid by the law of this state ' are intended to mean the recognition by the highest court of this state of the validity of such a judgment or decree procured in this state, or in another state, or in a foreign country." Text comparable to that suggested by the commission in respect of section 87 of Decedent Estate Law is found in subdivision 3 of section 18 of Decedent Estate Law,— proposed by the same commission. The legislative note which the commission appended to its proposed section 18 of Decedent Estate Law commented more specifically on the text in section 18 which is here pertinent. The note said that the commission intended to deny a right of election " Where either husband or wife as plaintiff has procured a judgment or decree dissolving the marriage, in another state or in a foreign country, which is not recognized as valid by the laws of this state. Such a judgment or decree should act as an estoppel against the one procuring it (notwithstanding it is not accorded recognition by the courts of this state) as held in Starbuck v. Starbuck, 173 N. Y. 503, and Monroe County Savings Bank v. Yeoman, 119 Misc. 226." Each of the cases cited in the note denied dower to a wife who had obtained outside this State a decree of divorce not recognized here. In the *Starbuck* case (*supra*, p. 506) the

court said: "the principle is well established that, where a party has procured a judgment or a decree to be entered, submitting himself to the jurisdiction of the court, he cannot thereafter be heard to question the jurisdiction of the court which entered the judgment or decree." The *Starbuck* opinion cites with approval *Matter of Morrison* (52 Hun 102, affd. 117 N. Y. 638) where the representatives of an after-deceased spouse who had procured in a foreign State a divorce invalid here were denied any share in estate assets.

The State may prescribe the terms upon which property shall pass from the dead to the living. The effect of section 87 of Decedent Estate Law is to exclude as distributee any spouse in respect of whom any of the factual conditions are shown which are outlined in subdivisions (a), (b), (c) or (d) of the section. Since the fact of procurement by the surviving spouse of a divorce not valid here has been established the necessary consequence is that under the law she is not a distributee of deceased. The case cited in her behalf (*Riley* v. *Sheedy*, 189 App. Div. 582, affd. 229 N Y. 588) does not help her for that case was decided upon a factual finding that after the divorce there was a nonceremonial remarriage. Nothing of the sort is claimed here. On the facts shown the objection of the special guardian directed to the status of the administratrix as distributee must be sustained.

The next question concerns the objection of the special guardian to the setoff by the administratrix to herself of property claimed to be exempt. Two items fall in this category,— a sum of $125 realized on the sale of an automobile and $300 in cash (Surrogate's Ct. Act, § 200, subds. 3, 4). The act provides that "If a person having a family die" certain property may be set off to a surviving spouse. Under the law of this State the administratrix is deceased's widow. But that status alone does not entitle her to claim property as exempt. As was said in *Matter of Burridge* (261 N. Y. 225, 227): "However broad the definition we may give to the word 'family' as used in the statute, yet by the terms of the statute itself, the exemption is granted where a person '*having a family*' died. It is not enough that the decedent leaves a widow or husband or minor child or children. There must be a bond, however loose, which creates a collective 'family.'" (Italics in original.) In a situation such as that here present where an interlocutory decree of absolute divorce had been in effect for sixty-four days it is obvious that not even the loosest concept of a family could apply

the word to the relations between deceased and his widow. In the meaning of the statute deceased had no " family " when he died (*Matter of Schmidt,* 247 App. Div. 505, affd. 271 N. Y. 651; *Matter of Caroleo,* 174 Misc. 288, and cases there cited). Accordingly the objection of the special guardian to the setoffs claimed by the widow is sustained.

As respects the items referred to in the account as union and insurance benefits there is no sufficient record upon which to make a determination. Since the possibility exists that these moneys are not true estate funds the court will give the accounting administratrix an opportunity to make further proof provided she serves upon the special guardian an affidavit setting forth in more detail than is contained in the account the source of these moneys and the basis upon which she claims them. The special guardian may have five days after receipt of such affidavit to file a supplemental report. If such report further contests the right of the administratrix to the moneys a further hearing will be had.

Next, rulings must be made on the objections of a claimant who, as stated, was the corespondent in the divorce proceeding initiated against deceased in the Supreme Court. The claim based upon an alleged loan of $500 is held to be without merit. The court finds affirmatively that the amount which deceased received from the claimant was fully repaid to her. That part of the claim which is based upon an alleged advance to pay for a watch and that part of the claim which is based upon an alleged advance to pay for a ring are held to be unsupported by credible evidence. The transactions between the claimant and deceased are shown to have been such as to make it most improbable that any such transactions occurred. The main witness for the claimant is of the " see-all — know-all — hear-all " type whose testimony carries its own refutation. This witness is wholly discredited by the court. The claim is in all respects disallowed and the objections to the account overruled.

The attorney's fees are fixed in the sum requested. The administratrix concedes her responsibility for an additional sum of $18. An amending affidavit in respect of this amount should be submitted. The affidavit dealing with the other moneys may contain a reference to this sum if the administratrix desires. Pending receipt of this affidavit and the further report of the special guardian and further court action no decree may be submitted.