Samuel Fails, S.
In this accounting proceeding, the executrix has questioned the validity and effect of a notice of election filed by a person claiming to be the surviving spouse of decedent.
The decedent died a resident of Westchester County on February 6,1955, and his will dated June 30,1952, was duly admitted to probate, and letters testamentary thereon were issued to the petitioner on June 7, 1955.
The will having made no provision for her, respondent duly filed a notice of election under section 18 of the Decedent Estate Law as the surviving spouse of decedent. The executrix rejected such notice of election on the grounds that respondent had abandoned the decedent many years prior to his death and was not in fact his surviving spouse. The respondent testified that she married the decedent on January 13, 1916, at Estill, South Carolina and that she had never been divorced from the decedent. On cross-examination, the respondent admitted that she subsequently married a person other than decedent. The petitioner thereupon introduced into evidence a marriage certificate which recited a ceremonial marriage solemnized on October 29, 1922, in Savannah, Georgia, between respondent and a person other than the decedent. The respondent also testified that on November 13, 1923, she gave birth to a child. A copy of the birth certificate introduced into evidence by the petitioner named the respondent’s second husband, rather than the decedent, as the father of such child. The respondent also testified that since her remarriage she has used, and is now known by the name of her second husband.
The petitioner having alleged that the respondent abandoned the decedent, had the burden of proving such abandonment. (Matter of Rechtschaffen, 278 N. Y. 336; Matter of Guggenheim, 180 Misc. 833; Matter of Maiden, 284 N. Y. 429.)
*908 The only evidence offered as to the claimed abandonment of decedent related to the subsequent ceremonial marriage of respondent to a person other than decedent, the continuous open cohabitation with such a person and the birth of issue of such subsequent union.
Abandonment has been defined as the desertion of a spouse with intent not to return or with an intent that the marriage should no longer exist. (Matter of Hess, 143 Misc. 335, 336; Matter of Bingham, 178 Misc. 801, affd. 265 App. Div. 463.) Matter of Bingham (supra) involved the validity of an asserted right of election by a husband against whom decedent during her lifetime had obtained a Nevada divorce decree which the Surrogate determined to be invalid. The court held that the husband by having remarried and having accepted the benefits of such divorce decree and having thereby recognized the validity of such subsequent marriage, could not retain the benefits which would have been derived from the continued existence of the prior marriage, citing Mirizio v. Mirizio (242 N. Y. 74). The court also determined that subdivision 5 of section 18 of the Decedent Estate Law relating to the abandonment of a wife, must necessarily embrace an abandonment of the marriage or of the marital status as a forfeiture of the right to elect against a will. There can be no clearer or more convincing abandonment of the marital status, or of a spouse, than the solemnizing of a ceremonial marriage to another followed by open and continuous cohabitation and the birth of issue of the subsequent union. The abandonment would not be negated by reason of any invalidity of the subsequent marriage. Although abandonment cannot be predicated upon a voluntary separation or living apart (Matter of Stolz, 145 Misc. 799), it does not follow that such a separation prevents a subsequent abandonment within the meaning of subdivisions 4 or 5 of section 18 of the Decedent Estate Law. (See Matter of Bingham, supra.)
The court accordingly determines that the remarriage of the respondent, the birth of issue by such union, and the subsequent open and continued cohabitation as husband and wife constituted an abandonment of the decedent whereby respondent forfeited her right to elect against the will.
Under the provisions of section 18 of the Decedent Estate Law, the personal right of election is limited to a surviving spouse. The respondent, therefore, in order to exercise the right of election under section 18 of the Decedent Estate Law, must first establish that she is the lawful spouse of the testator. (Matter of Appleby, 163 Misc. 71.) The evidence having estab *909 lished that the respondent contracted a subsequent ceremonial marriage, the court must infer that the first marriage had been tormina tod. The presumption in favor of the validity of a ceremonial marriage can lie overcome only by disproving every reasonable possibility of its validity. (Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Callahan, 142 Misc. 28, affd. 236 App. Div. 814, affd. 262 N. Y. 524.) The presumption applies in favor of the validity of a second marriage even though children of the second marriage are not involved. (Matter of Biersack, 96 Misc. 161, affd. 179 App. Div. 916.) Although the respondent testified that there was no divorce from decedent, respondent failed to negate the dissolution of the marriage by annulment.
Here, the respondent must challenge the validity of her own second marriage in order to establish her status as a surviving spouse entitled to assert a right of election against the will of the decedent. The evidence with respect to this issue was wholly insufficient to rebut the presumption of the validity of such second marriage.
Accordingly, the court determines that the respondent is not the surviving spouse of decedent, is not entitled to elect against the will, and that the notice of election filed by her is invalid and of no effect.
Settle decree.