S. Samuel Di ,Falco, S.
In this pending probate proceeding the proponent moves to dismiss the objections of the surviving spouse on the grounds that he has no status to elect under EPTL 5-1.1 because he abandoned the decedent during her lifetime.
Decedent, Sonia Loeb, and Max Loeb were married in 1936. In ¡September, 1962, decedent was admitted to Pilgrim State *815 Hospital, and on May 20, 1964 she was judicially declared incompetent.
In 1963, Max Loeb proceeded to obtain an ex parte Mexican divorce decree against the decedent and following that he went through a marriage ceremony with another woman whom he has continually, up to the present time, held to be his wife. In 1967, as a part of a settlement of an action brought against him by the decedent’s committee, Max Loeb stipulated to a judgment declaring his ex parte divorce invalid and his subsequent marriage void. A trust was also established by him to provide for decedent.
Proponent’s claim is that Max Loeb enjoys no status as one who has an interest in this estate. Therefore, he has no standing to file objections to probate under SOPA 1410. Contestant’s position is that Max Loeb is the surviving spouse of the decedent and has an interest in this estate. Therefore he has standing to file objections to probate.
The court is of the opinion that the objections to probate should be dismissed. The court herein is faced with the question whether Max Loeb is a disqualified spouse under EPTL 5-1.2, and, along with that, whether the 1967 decree vacating the Mexican divorce re-establishes Max Loeb as a qualified surviving spouse. ,
Max Loeb, it appears, may be disqualified under two of the paragraphs of EPTL 5-1.2.
(1.) EPTL 5-1.2 (subd. [a], par. [3]) “ The spouse had procured outside of this state a final decree or judgment of divorce from the deceased spouse, of annulment or declaring the nullity of the marriage with the deceased spouse or dissolving such marriage on the ground of absence, not recognized as valid under the law of this state.”
(2.) EPTL 5-1.2 (subd. [a], par. l[5]) “ The spouse abandoned the deceased spouse, and such abandonment continued until the time of death.”
Under the facts as given the court finds Max Loeb is disqualified under both paragraphs. The disqualification under EPTL 5-1.2 (subd. [a], par. [5]) for abandonment appears clear cut despite the fact that the burden to establish abandonment is at all times upon those asserting it. (Matter of Maiden, 284 N. Y. 429.) Not only did Max Loeb not live with his wife; he married another woman with whom he lived. In Matter of Oswald (43 Misc 2d 774, affd. 24 A D 2d 465, affd. 17 N Y 2d 447), the court dealt with a petitioner who sought to prove a common-law marriage between himself and decedent. However, *816 petitioner left decedent before her death and subsequently remarried. The court addressed itself to the question of petitioner’s status as a person interested in the estate and said (p. 775): “ petitioner’s subsequent ceremonial remarriage and his continued open and notorious cohabitation thereafter with the other woman, as husband and wife, constituted an abandonment of decedent within the meaning of subdivision 4 of section 18 of the Decedent Estate Law ” (p. 775). EPTL 5-1.2 is essentially the same as ¡subdivision 4 of section 18 of the Decedent Estate Law.
Although the first marriage in the above case was common law the court is of the opinion that the case is analogous to the instant one.
In Matter of Goethie (9 Misc 2d 906, 908) the court stated: “ There can be no clearer or more convincing abandonment of the marital status, or of- a spouse, than the solemnizing of a ceremonial marriage to another followed by open and continuous cohabitation * * * The abandonment would not be negated by reason of any invalidity of the subsequent marriage. ’ ’
Matter of Bingham (178 Misc. 801, affd. 265 App. Div. 463, mot. for lv. to app. den. 266 App. Div. 669) explains that the legislative history of section 18 of the Decedent Estate Law supports the conclusion that a second marriage is proof of abandonment of the first marriage. The court therein said (p. 804):Section 18 of the Decedent Estate Law was enacted, as indicated in the report of the commission which recommended its adoption, to reward a faithful spouse by continuing after death the obligations which existed prior thereto in so far as the right to share in each other’s property is concerned, and certainly was not intended to benefit or protect one spo.use who had abandoned the other and the marital status existing between them by entering into a valid or invalid ceremonial marriage with a third party and thereafter cohabiting openly with such third party.”
Although it is clear that Max Loeb is disqualified under EPTL 5-1.2 (subd. [a], par. [5]) the court will still address the question of his disqualification under EPTL 5-1.2 (subd. [a], par. [3]).
Contestant, Max Loeb, argues that the 1967 decree vacating the Mexican divorce obtained by him and deciding that he was still married to decedent is res juMcata and necessitates a finding that he is the surviving spouse of the decedent. The court disagrees with this contention and thinks that such an interpretation would do violence to the intent of EPTL 5-1.2 (subd. [a], par. [3]).
*817 Even if a second marriage is void or invalid it still prohibits the spouse who entered into it from qualifying as a surviving spouse. (Matter of Goethie, supra; Matter of Bingham, supra.)
Although a judgment is not recognized as dissolving a marriage between two people, it is “ effective to bar the right of the spouse who obtains it from sharing in the estate of the deceased spouse.” (Matter of Chomsky, 101 N. Y. S. 2d 60, 61. See, also, Matter of Rathscheck, 192 Misc. 446, revd. 275 App. Div. 363, revd. 300 N. Y. 346.)
Matter of Adams (182 Misc. 937, affd. 267 App. Div. 985, mot. for lv. to app. den. 268 App. Div. 849, cert. den. 324 U. S. 865) dealt with a disqualification of a surviving spouse under EPTL 4-1.1. The court therein stated (p. 941) that subdivision 3 of section 18 of the Decedent Estate Law was intended to ‘ ‘ protect only the faithful spouse ’ ’ and not one who has sought a divorce. The Surrogate held (p. 942) that the former wife was barred from election by her “ overt act in procuring the decree of1 divorce which she voluntarily sought in Nevada, whether it is vacated or not. ’ ’ The court went on to say '(p. 940) that: “Even if the decree should be vacated by the Nevada courts, the former wife is estopped and barred from any right of election ”.
Although this dealt with EPTL 4-1.1 the court feels it is directly analogous to the instant case where election is sought under EPTL 5-1.1. The court agrees with the holding that even if the divorce obtained is declared a nullity the spouse obtaining the divorce is barred.
The court therefore dismisses the objections of the contestant to probate.