OPINION OF THE COURT
Charles J. D’Arrigo, S.
In connection with this pending administration proceeding, the petitioner has moved for summary judgment. The motion is opposed by the respondent who has cross-moved for summary judgment. The questions for determination involve the status of the marriage between respondent, Albert Khabbaza, and the decedent at the time of her death, along with the alleged abandonment of the decedent by the respondent.
Petitioner, Solomon Racenstien, father of the decedent, contends that respondent divorced decedent in Iran, upon moving there after leaving decedent and their marital home. He argues that respondent should therefore be disqualified as a surviving spouse pursuant to EPTL 5-1.2 (a) (3) and (5) because of their divorce and respondent’s abandonment of decedent. Respondent argues that he never divorced decedent and, in fact, returned to Iran only after his visa expired here upon the completion of his residency in internal medicine. Respondent states that he was required to leave the United States at that time, and was ineligible to apply for a visa to return to this country for two years thereafter.
What is uncontroverted is that respondent received from the Court of Justice in Iran a certificate of incompatibility in 1972. Thereafter, respondent remarried, raising two children with his second wife, and ultimately returned to live in the United States with his new family. Respondent currently resides in Nassau County.
Petitioner contends that the certificate of incompatibility issued in 1972 is an Iranian divorce procured by respondent against his then wife, the decedent herein. Respondent contends that the certificate of incompatibility was only the first step in a long divorce process which he chose not to complete. He states that his marriage to the decedent was never terminated, and that he remarried in Iran, only after discovering that Iranian law permits him to have up to four wives. Petitioner and respondent have both submitted affidavits in support of their respective positions from attorneys claiming to be familiar with Iranian law. Undeniably, therefore, conflicting issues of fact exist which would preclude summary judgment on this issue.
*84 The court, however, must still deal with the question of the alleged abandonment and now turns its attention to that remaining issue. Assuming arguendo that respondent and decedent never divorced and that their marriage was not terminated by divorce, but continued until decedent’s death in 1996, and further assuming that Iranian law permits a man to have up to four wives, it would be against public policy for this court to condone respondent’s second marriage, even though it may be permissible under Iranian law.
Indeed, the court in Matter of Goethie (9 Misc 2d 906, 908) conclusively stated: "There can be no clearer or more convincing abandonment of the marital status, or of a spouse, than the solemnizing of a ceremonial marriage to another followed by open and continuous cohabitation and the birth of issue of the subsequent union.” In the case at bar, the respondent remarried after returning to Iran, has lived with his second wife for the last 25 years and together they have raised two children. Although he returned, with his new family to the United States, he took no affirmative steps to reunite with decedent before her death.
As to that portion of respondent’s argument that he voluntarily returned to Iran following discussions with the decedent after the expiration of his visa, the law is well settled. Although abandonment cannot be predicated upon a voluntary separation or living apart, it does not follow that such a separation prevents a subsequent abandonment. (Matter of Oswald, 43 Misc 2d 774, affd 24 AD2d 465, affd 17 NY2d 447; Matter of Goethie, supra.)
For all of the reasons heretofore set forth herein, one must reach the unequivocal conclusion that pursuant to the criteria set forth in EPTL 5-1.2, the respondent abandoned the decedent and such abandonment continued until the time of her death. Accordingly, he is disqualified as a surviving spouse and therefore ineligible to be granted letters of administration or to share in decedent’s estate.
The objections to the issuance of letters of administration are hereby dismissed. Petitioner’s motion for summary judgment is hereby granted and respondent’s cross motion for summary judgment is hereby denied.
Letters of administration shall issue to petitioner upon his duly qualifying according to law without posting a bond.