GRAY *v.* GRAY HUB COMPANY.

CORPORATIONS—OWNERSHIP OF STOCK—HUSBAND AND WIFE—BURDEN
OF PROOF—EVIDENCE.

In suit by wife against her husband, a corporation and another individual, to establish ownership of plaintiff to shares of stock in defendant corporation, evidence *held,* insufficient to sustain plaintiff's burden of proof, where it merely showed deposit of her money in a joint bank account to which defendant husband later added and then withdrew amounts different than amount claimed by plaintiff, and no showing was made that he used any of such money to purchase stock in the corporation.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 15, 1947. (Docket No. 38, Calendar No. 43,594.) Decided January 5, 1948.

Bill by Laura B. Gray against Gray Hub Company, a Michigan corporation, and others to establish ownership of stock and an accounting. Decree for defendants. Plaintiff appeals. Affirmed.

*August F. Brandt,* for plaintiff.

*Davidow & Davidow,* for defendants.

BUTZEL, J. Plaintiff, Laura B. Gray, commenced the present action against Russell B. Gray, the Gray Hub Company, a Michigan corporation, and Harold J. Baumgartner on December 9, 1943. She had previously filed a bill for separate maintenance

against her husband, Russell B. Gray, and a decree has been entered therein in her favor. An appeal was taken by Russell B. Gray in the separate maintenance suit and decision thereon has been handed down this day.[*] The two suits were heard together, although different relief was sought in each of them, and different decrees rendered.

In the instant suit, plaintiff first charged that her husband, defendant Russell B. Gray, entered into a joint venture with her to purchase stock in the defendant Gray Hub Company. She alleged that she had accumulated certain moneys which were deposited in a joint bank account in the name of herself and defendant Gray, and that these moneys were used to purchase stock in the Gray Hub Company. She also charged that defendant Harold J. Baumgartner had conspired with defendant Gray to defraud her. She prayed that the court determine and decree that she was entitled to one-half of all the stock owned by her husband in the Gray Hub Company and that the said Gray Hub Company be required to record the stock on its books in her name.

Defendants moved that the bill of complaint be dismissed, whereupon plaintiff amended her bill, changing her theory of action. Each bill was sworn to by her. She claims in her amended bill that she deposited $700 which she had acquired solely through her individual effort, and belonging to her sole and separate estate, in a joint bank account with defendant Gray with an express understanding between her and defendant Gray that all of such money would be solely used to acquire stock of the defendant Gray Hub Company for her. In her amended bill she renewed the charge of fraud against Harold J. Baumgartner. The relief prayed for in the amended bill was that all of the stock of the Gray

---

[*] See *Gray* v. *Gray*, *post*, 49.—REPORTER.

Hub Company acquired by defendant Gray with funds belonging to plaintiff's sole and separate estate, together with all dividends past and future, be turned over to her. The bill later was again amended to include a prayer for an accounting to determine the number of shares plaintiff was entitled to. The trial court found that plaintiff had failed to establish her cause of action and dismissed the bill of complaint.

Many questions are raised, but in the view we take of the case, only one need be considered: Did plaintiff sustain the burden which was upon her to prove the allegations in her bill of complaint? It would serve no useful purpose to review in detail the 350 pages of testimony set forth in the printed record. We have read it with extreme care, and notwithstanding the showing that plaintiff was a very fine, industrious and trusting person, who was cruelly treated by defendant, we are constrained to find that she has not proved the existence of an agreement between herself and defendant, as claimed.

It is true that on March 4, 1924, plaintiff and defendant Gray opened a joint bank account with an initial deposit, of $700. Subsequent deposits were made by defendant alone until there was a total of $2,839.83 in the account. Plaintiff does not claim that any of the money deposited in this account came from her sole and separate estate except the $700 initial deposit. The first withdrawal by defendant was in the sum of $339.83 on January 22, 1925. Subsequent withdrawals were made by him from time to time in various amounts until the account was closed on June 27, 1927. There was no withdrawal of an amount of $700.

No showing has been made that any of the money from this account was used by defendant Gray to

purchase stock of the corporation. The testimony indicates that Gray obtained a large stock holding in the Gray Hub Company through first being able to retain a small holding he had in the original company, and then increasing his interest through his share in the large earnings of the company. Plaintiff's claim that the $700 was supposed to be used for stock is unsupported by any testimony other than her own statement, and on cross-examination she testified that the purpose of opening the joint bank account was to "save money."

We have no sympathy for defendant Gray. He was personally served with process in the suit, but removed himself from the State, and thus avoided the necessity of appearing at the hearing. His testimony was taken by deposition, and we give little credence to it. However, the burden was upon plaintiff to prove her charges, and she has not done so.

The decree dismissing the bill is affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.