Joseph A. Cox, S.
Decedent’s will, admitted to probate as the will of a resident, bequeathed $5,000 to Francis J. Sullivan and the balance of the estate to the decedent’s daughter. The residuary beneficiary is a child adopted by the testatrix and Sullivan subsequent to their marriage.
This proceeding has been brought by Earl L. Price to determine the validity of a notice of election heretofore served and filed by him, pursuant to section 18 of the Decedent Estate Law, asserting claim to an intestate share of one third of the net estate as the surviving husband of the testatrix. Citation in this proceeding was served upon Murray Yellin who has answered the petition and has alleged affirmatively that he is the surviving husband of the testatrix and is entitled to an intestate share of the estate pursuant to section 18 of the Decedent Estate Law. Sullivan has not asserted a right of election.
The testatrix married Sullivan in 1937 in a civil ceremony in this city which was followed in 1942 by a religious ceremonial marriage in New Jersey. In January, 1946 the testatrix procured in Mexico a decree of divorce which recites that she appeared in the divorce action by an attorney as her attorney in fact and that Sullivan appeared by an attorney in fact. This decree contains no recital or the slightest indication that either party to the divorce action resided for any period in Mexico or was present in that jurisdiction for the purposes of the action. Sullivan has testified that he never was in Mexico.
In March, 1946 the testatrix and Murray Yellin were parties to a civil marriage ceremony in New Jersey. Evidence has been introduced that a divorce action instituted by the testatrix against Yellin in Mexico resulted in a decree of divorce.
In August, 1952 the testatrix and the petitioner Price were parties to a civil marriage ceremony in Michigan and there is proof that thereafter they cohabited as husband and wife.
The method employed by the testatrix in procuring the first divorce decree in Mexico parallels that examined by the court in Caldwell v. Caldwell (298 N. Y. 146) where it was held that the Mexican court lacked the slightest semblance or color of jurisdiction and that the decree obtained was a nullity. Neither would this “ mail order ” decree be recognized in New Jersey or Michigan where the latter purported marriages of the testatrix took place. (Tonti v. Chadwick, 1 N. J. 531; Matter of Cohen, 10 N. J. 601; State v. De Meo 20 N. J. 1; Smith v. Foto, 285 Mich. *718 361; Gray v. Gray Hub Co., 320 Mich. 39; 17A Am. Jur., Divorce and Separation, § 960.) The conclusion is that the marriage of the testatrix and Sullivan was not legally dissolved and she was not free to enter into a valid later marriage either in New Jersey or Michigan.
Any presumption of validity attaching to the later marriage ceremonies under the rule stated in Matter of Dugro (261 App. Div. 236, affd. 287 N. Y. 595) has been overcome by the evidence herein. The testatrix in entering into the purported marriage with Yellin relied upon the Mexican divorce and she so stated in her application for a marriage license. Particularly in view of her reliance upon the Mexican divorce in seeking a license to marry Yellin, there is no basis to assume either that she believed that such decree was invalid or that she had any occasion to seek a later divorce from Sullivan in any jurisdiction. Sullivan never received notice of any matrimonial proceeding other than the Mexican decree and there is not the slightest indication or reason to surmise that another proceeding was instituted in a domiciliary jurisdiction. Upon the facts herein the presumption availed of in Matter of Dugro (supra) is not controlling. (Matter of Carr, 134 N. Y. S. 2d 513, affd. 284 App. Div. 930; Matter of Andrew, 132 N. Y. S. 2d 571; Matter of McInerney, N. Y. L. J., June 19, 1952, p. 2433, col. 2.)
It is held that neither the petitioner Price nor the respondent Yellin has a right of election under section 18 of the Decedent Estate Law. An intermediate decree embodying these determinations may be submitted on notice. A date for a hearing upon the additional relief sought in the petition will be fixed and the parties will be notified.