INGRAHAM, P. J., McLAUGHLIN, CLARKE and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

In the Matter of the Application for Letters of Administration de Bonis Non on the Goods, Chattels and Credits of FRANK C. MEEHAN, Deceased.

MARY F. TURNER and WILLIAM H. CLARK, Appellants; FRANK D. MEEHAN and GRACE MEEHAN, Respondents.

First Department, May 31, 1912.

Husband and wife — presumptions — continuance of first marriage — validity of second marriage — application for letters of administration — contest involving validity of second marriage — burden of proof.

The law indulges in presumptions from the necessities of the case in the absence of sufficient evidence to establish the fact to be proved.

The presumption of the continuance of a first marriage, assuming it to have been valid, is not as strong as the presumption of the validity of a second marriage, where the latter presumption is strengthened by the uninterrupted cohabitation of the parties to it for more than twenty years and until the death of one of them, the attitude of their friends, relatives and acquaintances, the birth of children and the conduct of the alleged former wife.

Where the fact of a ceremonial marriage, followed by the long cohabitation of the parties and the birth of children is established, it is incumbent upon whoever assails the validity of the marriage and the legitimacy of the children to prove his case by evidence instead of presumptions, even if that involves proof of a negative, especially where the attempt is made after the lapse of thirty years and the death of the parties, not by any one claiming rights under an alleged prior marriage, but by relatives who would deprive children of their inheritance by branding them as illegitimate.

A brother and sister of a deceased husband, whose wife had previously died, contested the right of his children to administer his estate upon the ground that the marriage of the deceased with their mother was

invalid because he had a wife living at the time it was contracted. Evidence examined, and *held*, that the contestants failed to sustain the burden of proof imposed upon them.

APPEAL by Mary F. Turner and another, parties contestant, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 15th day of March, 1911, granting to Grace Meehan letters of administration *de bonis non* upon the estate of Frank C. Meehan, deceased.

*Edward W. Hatch,* for the appellants.

*Harold Nathan,* for the respondent Frank D. Meehan.

*R. E. Digney,* for the respondent Grace Meehan.

MILLER, J.:

A marriage ceremony between Frank C. Meehan, the intestate, and Caroline F. McDonald was solemnized according to the rites of the Roman Catholic church on January 30, 1881, and the said parties thereto lived and cohabited together, and were recognized by their friends and acquaintances as husband and wife from that time until the death of the latter on August 21, 1902. Her estate was administered by the survivor who died on March 24, 1906. Two children, a son and a daughter, were born of that marriage. This is a contest between the respondents, said children, and the appellants, a brother and sister of the deceased, for the right to administer his estate. The appellants assert that said marriage was invalid because Meehan had a wife living at the time it was contracted. A ceremonial marriage between him and Sarah Ruppius was solemnized, also according to the rites of the Roman Catholic church, on September 16, 1877. They lived together but a short time. There is evidence, however, tending to prove that said Ruppius was alive after the second marriage and was seen in his company even after the death of the respondents' mother. But there is nothing to show that she ever made a claim upon him or that they ever maintained matrimonial relations after the first separation. She has never appeared to claim a share of his estate. There is testimony which suggests that Meehan obtained a divorce from her and the surrogate found that their marriage was legally dissolved prior to January 30, 1881.

There are certain presumptions to which both sides agree,

*i. e.*, the presumption of innocence, the presumption of the legality of a marriage, which is strengthened if it be a ceremonial marriage, and the very strong presumption which the law always indulges in favor of the legitimacy of children. But the appellants invoke the well-known rule that a state of facts once proved to exist is presumed to continue, and, in particular reliance upon *Matter of Hamilton* (76 Hun, 200), assert that they have proven that Meehan had a wife living when he contracted the second marriage, and at any rate that the case presents conflicting presumptions of equal strength which neutralize each other, leaving the burden upon the one having the affirmative to prove it.

In the case relied upon the appellant, claiming to be the widow of the testator Hamilton, undertook to contest his will, but it was shown that prior to her marriage to him she had contracted a marriage with one Mann, and the court held that the burden was upon her to prove that the former marriage had been dissolved. In this case it does not appear that any living person, whose whereabouts are known, had knowledge of the fact to be proved — a sufficient reason, if there were no other, to distinguish the *Hamilton* case. There is evidence in the record which suggests a possible situation in which the *Hamilton* case would apply. It appears by the certificate, put in evidence by the appellants to prove the first marriage, that the said Ruppius had already been married, as her maiden name was given as Taylor. If, then, she had appeared and claimed the right to letters of administration, she would have had to prove, under the doctrine of the *Hamilton* case, that her marriage to Ruppius had been dissolved.

While there appears to be no case in this State directly in point, there are numerous decisions in other jurisdictions to the effect that, if necessary to support the legality of the second marriage it will be presumed, in the absence of evidence to the contrary, that the first marriage had been legally dissolved. (See *Hunter* v. *Hunter*, 111 Cal. 261; *Pittinger* v. *Pittinger*, 28 Col. 308; *Erwin* v. *English*, 61 Conn. 502; *Potter* v. *Clapp*, 203 Ill. 592; *Boulden* v. *McIntyre*, 119 Ind. 574; *Leach* v. *Hall*, 95 Iowa, 611; *Howton* v. *Gilpin*, 69 S. W. Rep. [Ky.] 766; *Killackey* v. *Killackey*, 156 Mich. 127; *Maier* v. *Brock*, 222

Mo. 74; *Thowlis' Estate*, 217 Penn. St. 307; *Carroll* v. *Carroll*, 20 Tex. 732; *Thomas* v. *Thomas*, 53 Wash. 297; 101 Pac. Rep. 865.) We prefer, however, to rest our decision on a somewhat broader ground.

The law indulges in presumptions from the necessities of the case in the absence of sufficient evidence to establish the fact to be proved. While the known facts may be insufficient of themselves to justify a particular inference, they may tend to weaken or strengthen a particular presumption. There can consequently be no ironclad rule, and, as the surrounding circumstances of different cases are rarely the same, precedents in this class of cases can rarely be controlling. In this case the presumption of the validity of the second marriage is greatly strengthened by the uninterrupted cohabitation of the parties to it for more than twenty years and until the death of one of them, the attitude of their friends, relatives and acquaintances, the birth of children and the conduct of the alleged former wife. It is not correct, therefore, to say that the presumption of the continuance of the first marriage, assuming it to have been valid, is as strong as the presumption of the validity of the second marriage. We think that where the fact of a marriage, especially of a ceremonial marriage, followed by the long cohabitation of the parties and the birth of children, is established, it is incumbent upon whoever assails the validity of the marriage and the legitimacy of the children to prove his case by evidence instead of presumptions, even if that involve proof of a negative, and especially when, as here, the attempt is made after the lapse of thirty years and the death of the parties, not by any one claiming rights under an alleged prior marriage, but by relatives who would deprive children of their inheritance by branding them as illegitimates. The appellants have failed to bear the burden of proof imposed upon them. The first marriage may have been legally dissolved or, what is quite as probable, it may have been invalid because the said Sarah Ruppius had a husband living at the time.

The decree should be affirmed, with costs and disbursements.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Decree affirmed, with costs.