118                    MATTER OF SIMMS.

Surrogate's Court, New York County, November, 1918. [Vol. 105.

## Matter of the Estate of CHARLES C. SIMMS, Deceased.

(Surrogate's Court, New York County, November, 1918.)

**Executors and administrators — presumption of marriage — when application to revoke letters of administration granted.**

A marriage is always presumed to have been duly solemnized, and where the marriage of decedent is established by those who were actually present at the marriage ceremony, an application by his wife to revoke letters granted to his mother *ex parte,* will be granted where the mother fails to sustain the burden of proof of showing the invalidity of the marriage.

APPLICATION to revoke letters granted *ex parte* to mother of deceased.

Samuel Rabinowitz, for petitioner.

Van Zandt & Webb, for administratrix.

FOWLER, S. The application to revoke letters granted *ex parte* to Sarah Simms, the mother of the deceased Charles Simms, was made by the alleged wife of Charles Simms. The mother denied marriage of her son, and the issue came on for hearing. On the hearing before me a marriage was established by those actually present at the marriage ceremony, performed on the 17th of June, 1908, at No. 66 West One Hundred and Thirty-third street, this city, by one claiming to be a minister. This constituted a marriage *de facto,* in any event, which was sufficient *prima facie* to support this application. The burden of proof was on the mother to show the invalidity of the alleged marriage for any reason. *Matter of Meehan,* 150 App. Div. 681. It is always presumed that a marriage was duly solemnized.

*Sichel* v. *Lambert,* 15 C. B. (N. S.) 781.  Conformation with the law is always presumed; never the contrary, except in one instance of the game laws, of no importance here.  The maxim, " *Omnia praesumuntur pro-matrimonio,*" or " *semper praesumitur pro matrimonio* " is a very rigid one in our law, and ought to be so.  People are not expected to carry around with them proofs of their marriage, and the presumptions in favor of their marriage are most liberally made in the interest of decency and morality.  The mother has failed utterly to support the burden of proof resting on her, and the application to revoke her letters must therefore be granted.

Application granted.