In the Matter of the Election of Louise Lorch, as Widow of William H. Lorch, Deceased. Louise Lorch, Appellant; Caroline M. Lorch, as Executrix, etc., of William H. Lorch, Deceased, Respondent.— Decree of the Surrogate's Court of Queens county reversed on the law and the facts, with costs to appellant, payable out of the estate, proceeding dismissed, with costs, so payable, and matter remitted to the Surrogate's Court to enter a decree accordingly. The determination that the wife abandoned the husband is contrary to the evidence. The proof preponderates favorably to a holding that husband and wife voluntarily separated and were satisfied to live apart. The wife has not lost her right of election. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

In the Matter of the Application of The Mount Vernon Trust Company, Appellant, for a Peremptory Mandamus Order against John Lynn, Comptroller of the City of Mount Vernon, Respondent.— The petitioner seeks by mandamus to cancel in part an assessment for a public improvement, the lien of which it claims had been sold by the city together with other annual tax liens on the property. The lien in question was not included among the items of the liens transferred. The provisions of the charter and ordinance in respect to public improvement assessment liens, as related to their due date and eventual collection, are not clear, and admit of contradictory construction. Under the circumstances, the right of the petitioner to the particular relief sought is not so clear as not to admit of a reasonable doubt or controversy. (Matter of Eiss v. Summers, 205 App. Div. 691, 696, 697; Matter of Martin's Securities Co. v. Walker, 259 N. Y. 120.) Likewise, the equitable rights of petitioner are not predominant in this record. (Matter of Salisbury v. Rogers, 252 App. Div. 223, 226.) Therefore, it rested in sound discretion whether the order should be granted or withheld. (Matter of Durr v. Paragon Trading Corporation, 270 N. Y. 464, 469.) We do not at this time give construction of the provisions of the charter involved, nor determine ultimate rights. Order denying petitioner's application for a peremptory mandamus order and dismissing the proceeding unanimously affirmed, without costs. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ. [167 Misc. 333.]