HARRY RUDYK, Plaintiff, *v.* JESSIE RUDYK, Defendant.

Supreme Court, Special Term, Queens County, June 5, 1950.

*J. Alex Margolis* for plaintiff.
*Jay A. Gilman* for defendant.

PETTE, J. Action for an annulment on the ground that plaintiff had another wife living at the time he married the defendant. (Civ. Prac. Act, § 1134.) Counterclaim by defendant for a separation on the ground of nonsupport. The parties hereto were married at Hoboken, New Jersey, on November 9, 1945. There is one infant daughter, the issue of this marriage. Defendant has amply sustained her counterclaim for separation and, if the marriage between the parties is valid, judgment of separation will be granted in her favor together with custody of the child.

On December 24, 1941, plaintiff married Adele Agurkis at Elkton, Maryland. On April 9, 1943, Adele obtained a decree of divorce from the courts of Chihuahua, Mexico. Plaintiff, who was in the service, sailed overseas on April 29, 1943, twenty days after the decree was rendered, but he did not receive notice of it until after he had arrived in Europe. The Mexican judgment contains no recital that either party to that action was physically present or domiciled in Mexico. On June 5, 1943, less than two months after the rendition of the Mexican decree Adele married Dallas Dobelbower at Chatham, New Jersey. In view of this fact and the further fact that the proof before the Mexican court consisted of interrogatories, it is fair to assume that Adele was never domiciled in Mexico, and that the judgment there obtained was a typical mail-order decree, totally invalid in this State. (*Caldwell* v. *Caldwell,* 298 N. Y. 146.) If plaintiff were validly married to Adele, the Mexican decree did not terminate that relationship and his marriage to the defendant is void. (Domestic Relations Law, § 6; *Johnson* v. *Johnson,* 295 N. Y. 477.)

Prior to her marriage to the plaintiff, however, Adele had married Bernard J. Sullivan in Queens County, New York, on February 7, 1937. When she applied for the license to marry the plaintiff at Elkton, Maryland, Adele swore that her marital status was " Divorced, 1941 in New York, N. Y., Plaintiff." Defendant has caused the county clerks of each of the five counties comprising the city of New York to make an official search of their records for the period from February 7, 1937, the date of Adele's marriage to Sullivan, to December 22, 1941, the date of her application at Elkton. Each of these county clerks certifies that there is no record of a divorce between Adele and Bernard J. Sullivan. It is apparent that Adele was not divorced from Sullivan in New York City at the time she married the plaintiff. (2 Schouler on Marriage, Divorce, Separation and Domestic Relations [6th ed.], § 1236.)

Plaintiff argues, however, that the presumption of validity which attaches to every ceremonial marriage (*Matter of Dugro,* 261 App. Div. 236, affd. 287 N. Y. 595) is not thereby rebutted; that Adele could have divorced Sullivan in some other county; or that Sullivan may have died prior to December 24, 1941. While the burden is on the party attacking a ceremonial marriage to overcome the presumption of validity even though it requires proving a negative (*Matter of Meehan,* 150 App. Div. 681) said party is not required to prove the lack of divorce " absolutely and to a moral certainty ". (*Brokeshoulder* v. *Brokeshoulder,* 84 Okla. 249, 254.) In that case the Supreme Court of Oklahoma held that where there was no record of divorce in the several counties in which each of the parties had resided, the burden of overcoming the presumption of validity of the second marriage had been met.

Similarly in *Schmisseur* v. *Beatrie* (147 Ill. 210, 218), the court held that where " no divorce had been obtained by either the husband, or his first wife, in the Circuit Court of the county where both of them had always resided, and where divorce proceedings, if there had been any, would be most naturally looked for " the burden shifted to those claiming that there had been a divorce. The court stated the rule succinctly (p. 217): " Although the responsibility was upon the complainants of proving the negative contention, that a divorce had not been obtained before the marriage of 1876, yet it is well settled, that a party is not required to make plenary proof of a negative averment. It is enough that he introduces such evidence as, in the absence of all counter testimony, will afford reasonable ground for presuming that the allegation is true; and when this is done the *onus probandi* will be thrown on his adversary. (1 Greenl. on Ev. sec. 78)."

Both Adele and Sullivan were residents of Astoria, Queens County, New York. Adele remained a resident of Astoria until her death, as appears from the applications for each of her three marriage licenses and from her death certificate. Although Adele died at Saranac Lake, New York, she had sojourned there for only four months prior to her death on January 9, 1946, and the information on the death certificate was furnished by her third husband, Dallas Dobelbower, whose address is given as Astoria. Adele was buried in Queens County. While it may be immaterial on this phase of the case, plaintiff was also a resident of Astoria as appears from his applications to marry Adele and the defendant, and from his Army discharge papers.

From this continuity of residence in Astoria, Queens County, New York, by all the parties involved herein, it is fair to assume that had a divorce been obtained the action would have been brought in Queens County. In any event, when defendant proved that no divorce had been obtained in Queens County or, indeed, in any of the five counties of New York City, the burden shifted to the plaintiff to prove the divorce, if one existed. (*Schmisseur* v. *Beatrie,* 147 Ill. 210, *supra.*) This he failed to do.

Because the presumption of the validity of marriage is stronger than the presumption of the continuation of life, courts sometimes presume the death of a former spouse who is missing for less than seven years in order to sustain the validity of a subsequent marriage. (*Matter of Tompkins,* 207 App. Div. 166.) In the instant case, however, plaintiff, in asking the court to presume the death of Sullivan within five years after his marriage to Adele, does so only indirectly to sustain his marriage to Adele. His direct purpose is to nullify his marriage to the defendant. This would thwart the purpose of the rule. Under such circumstances there is no reason for the court to presume the death of Sullivan, an occurrence of which there is no proof. As was said in *Johannessen* v. *Johannessen* (70 Misc. 361, 365): "Where a party by his own acts has created the situation from which he endeavors to escape, the law will not favor him by inferring one fact from another or by indulging in one presumption for the purpose of destroying another. Hall v. Hall, 139 App. Div. 120."

Plaintiff overlooks the fact that his marriage to defendant also enjoys a presumption of validity, a presumption just as strong as that which attaches to his marriage to Adele. In such case, the presumptions neutralize each other or, at least, reduce the problem to a question of probabilities. (*Palmer* v. *Palmer,* 162 N. Y. 130.) In that case, the rule is thus stated (p. 133): "Where there are conflicting presumptions of unequal weight, as that of the continuance of life and that of innocence of crime, the stronger will prevail. (*The King* v. *Twyning,* 2 B. & A. 386.) But in this case, as the conflicting presumptions are equal and each involves the commission of a crime, we are of the opinion that they neutralize each other and no effect should be given to either. Still, if that conclusion is incorrect, and the presumption which has the least probability to sustain it must yield to the more probable one (*Clayton* v. *Wardell,* 4 N. Y. 230), the same result is reached."

In the instant case, the probabilities favor the validity of plaintiff's marriage to the defendant. Adele, in her sworn application for the license to marry the plaintiff at Elkton, stated that she was " Divorced, 1941 in New York, N. Y., Plaintiff." Defendant has proved that no divorce was obtained in any of the five counties of New York City. If a valid divorce existed, it is fair to assume that Adele would have set it forth. Likewise, if Sullivan had died, it is more probable that Adele would have so stated instead of resorting to the untruth that she was divorced in New York, N. Y.

To quote again from *Johannessen* v. *Johannessen* (70 Misc. 361, 365, *supra*): " Even though a ceremonial marriage with Sandin [the alleged former spouse] be shown, the law will not aid the defendant to rid himself of the responsibility of the marriage which he himself procured, by presuming that the Sandin marriage was valid, but it will require him to prove its validity by showing that Sandin was competent to enter into such marriage."

So here, the presumption favoring the validity of plaintiff's marriage to Adele having been nullified by the like presumption in favor of his marriage to defendant, it is not sufficient for plaintiff to show his previous ceremonial marriage to Adele; he must also show that Adele was free to marry him. He has not borne this burden and, accordingly, judgment is granted to the defendant dismissing the complaint on the merits and granting her a separation with custody of the child. Alimony for the support of the defendant and the child will be allowed in the sum of $15 per week. Settle judgment on notice.