In the Matter of the Probate of the Will of ELSE BAUER, Deceased. BETTY HENNINGER, Appellant; JOHN BAUER, Respondent.— In a probate proceeding, decree of the Surrogate's Court, Queens County, adjudging one John Bauer to be the surviving husband of decedent, setting aside a consent, executed by said Bauer, to probate of an alleged will, and permitting him to interpose objections, reversed on the law and the facts, with costs to both parties,

payable out of the estate, and a new trial ordered. Under the circumstances, it is suggested that the trial of the issues of fact herein be had, pursuant to section 10 of the Surrogate's Court Act, before the Special Term of the Supreme Court, Queens County. Under the facts in this case, and particularly in the absence of issue, the presumption of the validity of the second marriage is not so strong as to require the appellant to adduce express proof that all of the contingencies which would render the second marriage valid had not eventuated (*Matter of Meehan*, 150 App. Div. 681; *Matter of Pinder*, 271 App. Div. 302); and it was error to decide the status of Bauer solely on presumption. Appellant had sufficiently rebutted the presumption of validity attending the second marriage by showing that decedent had entered into a prior marriage and that the husband of that prior marriage was alive at and after the second marriage had been entered into, at least for the purpose of presenting a question of fact for decision. It was also shown indisputably that the decedent had falsified in executing her application for the second marriage license. Assuming that the proof of appellant to the effect that decedent had admitted that she had never been divorced and that Bauer had admitted knowledge of that fact at the time he entered into the second marriage, was accepted, a determination that the second marriage was invalid would be required. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur.