S. Samuel Di Palco, S.
This is a proceeding for the settlement of the account of the Public Administrator of the County of New York as administrator of the deceased’s estate. Objections to the allegation in the petition and account that the distributees of the decedent are unknown have been interposed by William C. Evans who asserts his status as her surviving spouse.
It is not disputed that the objectant and the decedent were married in New York City on June 24,1916. The proof further establishes the fact that they resided in this city as man and wife until the year 1936 without interruption. In that year the objectant was stricken with tuberculosis and in 1937 he became a patient at a hospital maintained by the Veterans’ Administration in Los Angeles, California, where he remained until the year 1944 when he was released though he continued thereafter to receive out-patient care. In 1944 the objectant returned to New York and went to the apartment which he had formerly occupied with the decedent. He testified that on that occasion he was told by her that she had married one Raymond Lancaster on January 12, 1944. The license evidencing this marriage was received in evidence. In the application for its issuance the decedent stated that she had never been married before and the license contained a statement over her signature that her name had been legally changed from Butler, her maiden name, to Evans, the name of the objectant, in 1916 which was the year of their marriage. The objectant testified further that having been advised by his wife, the decedent, that she had divorced him, he himself entered into a marriage with one Odessa Cave in Chicago in 1946, that he has since continued to reside with her as man and wife and has named her as his wife in income tax returns filed by him and on applications for the issuance of insurance policies.
It has long been established that proof of a ceremonial marriage such as that shown here in the case of decedent’s second marriage to Raymond Lancaster, will overcome any presumption of the continuance of a prior marriage of either party. (Matter of Meehan, 150 App. Div. 681; Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Foote, 5 Misc 2d 58.) It has been said that to negative the presumption of the validity of the second marriage, actual proof that a prior marriage of either party had not been terminated by annulment, divorce or death is required even though that may involve the proof of *9 a negative. (Matter of Meehan, supra.) It is the contention of the objectant here that he has successfully overcome that presumption and shown the continued existence of his own marriage to the deceased so as to have constituted it an insurmountable impediment to the validity of any subsequent marriage by the deceased during her lifetime. He rests his argument upon the following: first, his own testimony to the effect that he had never instituted a proceeding for the dissolution of his marriage in any jurisdiction in the world and that he had never been served with process in an action instituted by the decedent for that purpose; second, that the records of the five boroughs of the City of New York establish the fact that the decedent never instituted any proceeding in any county in this city for divorce and that he was never named as defendant in such an action; and, third, that the records of the Board of Education established the continuous residence of the decedent in this city from the year 1936 until the time of her death.
Counsel for the Public Administrator and the special guardian for unknown distributees have moved to strike from the record the objectant’s testimony that he never was a party plaintiff or defendant to an action seeking dissolution of his marriage to the decedent. They argue that this testimony is barred by operation of section 347 of the Civil Practice Act upon the ground that it constitutes proof concerning a personal transaction with the decedent and further that it is self-serving. The objectant insists, on the other hand, that the institution of an action by one person against another and the procurement of a judgment in such an action does not necessarily involve a personal transaction with that other person within the meaning of the statute. He finds support for this view in the rule which holds that the prohibition of section 347 does not extend to personal transactions with the agent of a deceased person and cites Matter of Valente (18 Misc 2d 701), a case in which Surrogate Moss held that a person claiming to be the surviving spouse of a decedent was competent to testify to the performance of a marriage ceremony involving the use of a proxy nominated by the decedent with the latter being absent.
The position urged upon the court by the objectant has received judicial sanction in at least one case (Matter of Carr, 134 N. Y. S. 2d 513, affd. 284 App. Div. 930 [4th Dept.]). In dealing with a set of circumstances markedly like those here the court (Bourns, S.) there stated (p. 518): “ Here one of the parties concerned in the conceded first valid marriage is living and it cannot be presumed in order to validate the latter marriage that the former has been dissolved as against her express *10 declaration that it has not been dissolved ”. (Emphasis added.) This court finds it is in agreement with Surrogate Bodine in this view of the matter and holds that the present record presents not a conflict between two presumptions but rather a conflict between the presumption of the validity of the second marriage upon which the Public Administrator and the special guardian rely and the proof offered by the objectant to rebut that presumption. The situation in this connection is a perfect example of what was meant by Professor Wigmore when he said (5 Wigmore, Evidence [2d ed.], § 2491, p. 452 citing Lamm, J., in Mockowik v. Kansas City St. J. & C. B. R. R. Co., 196 Mo. 550, 571): “ ‘ Presumptions ’ as happily stated by a scholarly counselor, ‘ ore tenus,’ in another case, 1 may be looked on as the bats of the law, flitting in the twilight but disappearing in the sunshine of actual facts.’ That presumptions have no place in the presence of the actual facts disclosed to the jury, or where plaintiff should have known the facts had he exercised ordinary care, is held in many cases.”
Professor Wigmore goes on to illustrate the point as follows: “ It is therefore a fallacy to attribute (as do some judges) an artificial probative force to a presumption, increasing for the jury the weight of the facts, even when the opponent has come forward with some evidence to the contrary. For example, if death be the issue, and the fact of absence for seven years unheard from be conceded, but the opponent offers evidence that the absentee, before leaving, proclaimed his intention of staying away for ten years, until a prosecution for crime was barred, this satisfies the opponent’s duty of producing evidence, removing the rule of law; and when the case goes to the jury, they are at liberty to give any probative force they think fit to the fact of absence for seven years unheard from. It is not weighed down with any artificial additional probative effect; they may estimate it for just such intrinsic effect as it seems to have under all the circumstances.”
The application of the logic of this discussion to the case at bar requires the holding that reliance upon the presumption of the validity of the second marriage is no longer available to sustain the position of those who attack the status of the objectant as the surviving spouse unless, as the Public Administrator argues, the proof offered to establish the continuity of the first marriage was not competent because of the bar of section 347 of the Civil Practice Act.
It seems to the court that it would be stretching the point of the statute too far to hold that the objectant was not competent to testify that he had never instituted an action for a *11 divorce nor been a party defendant to such a proceeding. For him to be permitted to state that fact is not to allow evidence of a personal transaction with the decedent despite the insistence of the Public Administrator that to let that testimony remain in the record would involve a violation of the statute through the allowance of proof of a negative, namely the nonoccurrence of any dissolution of the marriage between the objectant and the deceased.
In holding that the Public Administrator is incorrect in this view the court does not wish to be thought as being in disagreement with the principle upon which he relies to the effect that proof of a negative may be as susceptible to the bar of the statute as would be proof of an affirmative personal transaction. If it were only proof of a negative which was involved here as, for example, the objectant being permitted to testify that he had not seen the decedent during a given period of time, the objection of the Public Administrator would clearly be well taken. That is not the case, however, and his argument consequently does not reach the point since the doctrine upon which he relies, as described by Andrews, J., in Clift v. Moses (112 N. Y. 426, 435) rests for its application upon factors which are absent from the present record. There the court said: “ It has been held with general uniformity that the section [829, now 347 of Civ. Prac. Act] prohibits not only direct testimony of the survivor that a personal transaction did or did not take place, and what did or did not occur between the parties, but also every attempt by indirection to prove the same thing, as by negativing the doing of a particular thing by any other person than the deceased, or by disconnecting a particular fact from its surroundings and permitting the survivor to testify to what on its face may seem an independent fact, when in truth it had its origin in or directly resulted from a personal transaction.”
Without challenging the reasoning of the cited case in the slightest the court is nevertheless of the view that the rule is not violated by the testimony which the Public Administrator seeks to exclude. The objectant was not permitted to testify that he had never seen the decedent. He was allowed to say only that he had never been a party to any proceeding for the dissolution of his marriage. Had the position been reversed and he had testified that he had instituted such a proceeding that testimony would similarly be allowable if it were shown that the action had involved only a contact between the witness’ agent and the decedent. (Matter of Valente, 18 Misc 2d 701, supra, and cases there cited including Pratt v. Elkins, 80 N. Y. 198; Warth v. Kastriner, 114 App. Div. 766; McCarthy *12 v. Stanley, 151 App. Div. 358.) The court after consideration of the arguments of the Public Administrator and the special guardian has reached the conclusion that the testimony which they seek to exclude is competent and not barred by the provisions of section 347 of the Civil Practice Act. In the absence of proof to rebut or contradict the testimony of the objectant the court holds that he has successfully met the test of the cases and overcome the presumption of the validity of the decedent’s second marriage attaching by proof of its having been performed.
In this state of the record the objectant has established his status as the decedent’s surviving spouse. The proof offered by the Public Administrator and the special guardian to establish the abandonment of the decedent by the objectant falls short of sustaining their position in that regard. The fact that the objectant, subsequent to learning that the deceased had married another man, embarked upon a similar engagement does not affect the situation for the separation between the original parties to the first marriage was at that time complete. In so holding the court does not condone the objectant’s conduct and his defiance of convention and the law but that is a matter which does not alter the fact that the separation of a self-supporting wife and an indigent and ailing husband is neither the abandonment nor the failure to support which would deprive him of the right to share in her estate. (Matter of Maiden, 284 N. Y. 429; Matter of Lorch, 254 App. Div. 680, affd. 279 N. Y. 574; Matter of Sadowski, 246 App. Div. 490; City Bank Farmers Trust Co. v. Miller, 163 Misc. 459, affd. 253 App. Div. 707, revd. on other grounds 278 N. Y. 134.) The objections are sustained and the objectant held to be entitled to the share of a surviving spouse (Decedent Estate Law, § 83). Submit decree on notice settling the account.