Joseph A. Cox, S.
The decedent during his lifetime entered into ceremonial marriages with two women, both of whom are now vying for letters of administration on his estate.
From the facts adduced at the hearing, it would appear that the decedent and his first wife were married on January 6,1926; that they lived together as husband and wife until 1931; that he left her at that time and thereafter never contributed toward her support. The decedent and his second wife were married in New Jersey on May 19, 1945 and lived together as husband and wife until his demise on August 3,1961.
It is a well-known rule of law that a presumption of validity attaches to the second marriage which must be overcome by competent proof that the first marriage was never dissolved and that one of the contracting parties to the second marriage was incompetent to enter into such marriage (Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Meehan, 150 App. Div. 681; Matter of Foote, 5 Misc 2d 58). In the case at bar, the decedent’s first wife testified that she had never instituted a proceeding for a divorce against the decedent and that she had never been served with any process in an action for *471 divorce instituted by the decedent. There is also proof that the decedent continuously resided in the State of New York except for a period of two months prior to his second marriage when he resided in New Jersey and that the first wife continuously resided in the State of New York.
In addition thereto, it appears that the decedent in his written application for a marriage license for his second marriage in answer to the question as to whether he was divorced, a widow or single, stated that he was single. Although this statement in and of itself is not conclusive, it lends credence to the first wife’s statement that she was never served with process in action for divorce instituted by the decedent and that he never instituted such a proceeding.
In view of the testimony and the proof in the record it is the court’s opinion that the presumption of validity which attached to the second marriage has been overcome and that the burden of proving that the decedent was competent to enter into the second marriage shifted to the second wife, the cross petitioner in this proceeding (Matter of Lancaster, 30 Misc 2d 7; Matter of Carr, 134 N. Y. S. 2d 513, affd. 284 App. Div. 930). This burden has not been met and no evidence was introduced which would overcome the presumption that the first marriage continued up to and including the time decedent entered into the second marriage. As it would not appear that the decedent was in fact competent to enter into the second marriage, the court finds that the presumption of validity attaching to the second ceremonial marriage under the rules stated in Matter of Dugro (supra) has been overcome by the evidence and that letters of administration should issue to the petitioner herein, the decedent’s first wife. (Matter of Price, 11 Misc 2d 716, affd. 8 A D 2d 721.)