---

**Elizabeth DOLAN, Plaintiff,**

v.

**Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 65–C–665.**

United States District Court
E. D. New York.

Feb. 16, 1966.

Health, Education and Welfare (Secretary) that the plaintiff Elizabeth Dolan is not entitled to benefits under Section 202(e) of the Act, 42 U.S.C.A. § 402(e), as the widow of John J. Dolan. The Secretary found that the plaintiff had failed to rebut the strong presumption recognized by New York law in favor of the validity of a second marriage and that, therefore, "under the law of the State of New York, she would be considered the legal widow of James P. Reilly, rather than the widow of John J. Dolan." Reliance on New York law was mandated by Section 216(h) (1) (A) of the Act, 42 U.S.C.A. § 416(h) (1) (A), which provides that plaintiff's marital status be determined by the law of the State in which the wage earner died domiciled.

A short chronology of events will suffice since the known facts are undisputed and are fully set forth in the record. The plaintiff and the decedent John J. Dolan were married in New York City on May 14, 1914 and a child, John Howard Dolan, was born of this marriage on December 22, 1914. The decedent had worked in Peru intermittently since his marriage and in 1926 he returned to that country for that purpose but the plaintiff, for health reasons, stayed in New York and subsequently lost contact with him. The decedent did not reappear in New York until 1936, at which time he discovered where the plaintiff lived and thereafter assisted their son in obtaining a job at the Schneider Art Galleries in New York. Sometime in 1939, the plaintiff again lost track of the decedent and on August 1, 1942 she entered into a ceremonial marriage with one James P. Reilly. Two years after Reilly's death in 1949, the first husband John J. Dolan reappeared once more and resumed living with the plaintiff on and off until his death in 1962. The plaintiff now seeks benefits as the widow of John J. Dolan, claiming that her marriage to Reilly was void.

In support of her contention, the plaintiff relies on the following facts to rebut any possible presumption that the Reilly marriage was valid and to estab-

David S. Kumble, Flushing, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendant; Howard L. Stevens, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

This is an action pursuant to Section 205(g) of the Social Security Act (Act), 42 U.S.C.A. § 405(g), brought to review the final decision of the Secretary of

lish her status as the widow of John J. Dolan, her first husband: (1) the plaintiff's marriage to Dolan in 1914, the birth of a son, and their life together until 1926; (2) the plaintiff's marriage to Reilly in 1942 within two and one-half years after she knew that Dolan was living and working in New York City; (3) the plaintiff's statements that she never obtained a divorce from Dolan and was never served with any divorce papers by him; (4) the fact that no divorce or annulment proceedings were brought by either party from 1914 to 1962 according to the records of Bronx, Queens and New York counties; (5) the resumption of her marital life with Dolan in 1951 and its continuance until his death in 1962; (6) the decision of the Railroad Retirement Board in 1964, reversing an earlier determination, that plaintiff was not entitled to benefits as Reilly's widow.[1]

The Government contends that these facts are insufficient to rebut the presumption of New York law in favor of the validity of a second marriage. In addition, it states that "such specific evidence as appears in the record relative to the decedent's status indicates clearly that the decedent was single at the time the plaintiff married Joseph P. Reilly, her second husband, in 1942." The "specific evidence" relied upon is as follows: (1) In his application for a Social Security account number in 1941, the decedent Dolan stated that he was single; (2) The son swore that Dolan told him he was divorced; (3) After

Dolan resumed living with the plaintiff, he stated to his employer that he was "single" and in his application for an old-age benefit that he was "not married". When these facts are considered together with plaintiff's repeated use of the name of Elizabeth Reilly, the Government claims it is fully justified in refusing to accord plaintiff any benefits as Dolan's widow.

■ Under New York law there is a strong presumption in favor of the second of two successive marriages. 4 Bender's New York Evidence § 236.02.[2] This presumption "can be overcome only by the fullest and most convincing proof * * * and * * * will not be overcome by mere proof of the prior marriage of one of the parties, or by mere proof that the former spouse was living at the time of the second marriage, but only by proof that the first marriage was valid and subsisting at the time of the second marriage." 15 New York Jurisprudence, Domestic Relations, § 80, pp. 316–317. Furthermore, this presumption "places on the opponent not only the burden of producing evidence, but the burden of persuasion even to the point of proving a negative—such as the fact that a prior marriage has not been dissolved." Fisch on New York Evidence, § 1130, p. 560. It is the Court's opinion that these formulations, based on numerous cases, accurately state the law of New York despite the existence of certain decisions which are not in harmony with this conclusion.[3]

1. This contention lacks merit since the Secretary must make his own determination of whether the petitioner is entitled to Social Security benefits and is not bound by the decision of another Federal agency operating under a different statute. Thompson v. Flemming, D.C.Oregon 1960, 188 F.Supp. 123; Lane v. Railroad Retirement Board, 6 Cir. 1950, 185 F.2d 819.

2. In opposition to this interpretation of New York law plaintiff cites Section 50 of the New York Decedent Estate Law, McKinney's Consol.Laws, c. 13, for the proposition that the burden of establishing the disqualification of a surviving spouse rests upon the person asserting

it and not upon the surviving spouse. This is true when there has been only one marriage but in the case of two successive marriages the burden rests on the party attacking the validity of the second ceremony. See, In re Goethie's Will, Surr.Ct. Westchester County, 1957, 9 Misc.2d 906, 161 N.Y.S.2d 785.

3. Compare, In re Cofer's Estate, Surr.Ct. N.Y. County, 1922, 119 Misc. 587, 196 N.Y.S. 767, aff'd, App.Div.1st Dep't 1923, 206 App.Div. 657, 199 N.Y.S. 916, aff'd, 1923, 237 N.Y. 512, 143 N.E. 723, which does not represent the law today. See also, Application of Carr, Surr.Ct. Chautauqua County, 1953, 134 N.Y.S.2d 513,

In the cases where the presumption was successfully rebutted, there were significant factual differences from the present case. Thus, in Estate of Terry, Surr.Ct.N.Y.County, 1961, 32 Misc.2d 470, 222 N.Y.S.2d 865, the "decedent continuously resided in the State of New York except for a period of two months prior to his second marriage when he resided in New Jersey." (222 N.Y.S.2d p. 866). Similarly, in In Re Lancaster's Estate, Surr.Ct.N.Y.County, 1960, 30 Misc.2d 7, 209 N.Y.S.2d 395, 397, "the continuous residence of the decedent in this city from the year 1936 until the time of her death" made a meaningful search of the records possible. An effective search is clearly an impossibility in the present case since the decedent's whereabouts for a number of years is unknown.

One of the cases most favorable to the petitioner is In Re Bauer's Will, supra. There the Court stressed the existence of proferred proof "that decedent had admitted that she had never been divorced." (102 N.Y.S.2d p. 578). Whatever evidence there is in the instant case is to the contrary. Thus, the decedent Dolan listed himself as single when he applied for a Social Security number in 1941 and as not married when, after he resumed living with the plaintiff, he applied for old-age benefits. Furthermore, the son swore that the father told him that he was divorced. In Application of Carr, supra, a case cited by the plaintiff, the Court relied in part on the express declaration of the living party that the marriage had not been dissolved. Such reliance would not be justified in the instant case since the petitioner who is applying for benefits as Dolan's widow listed herself as a widow when she married Reilly in 1942 and has also referred to herself repeatedly since then as Elizabeth Reilly. As a matter of fact, she applied for and received a lump sum payment from the Railroad Retirement Board as Reilly's widow which has not been returned. ·

Plaintiff claims that she referred to herself as Elizabeth Reilly because of a mistaken notion, only recently exploded, that Dolan's absences rendered him legally dead, freeing her to marry again. Plaintiff's son also has a facile explanation of his damaging statement that his father, John J. Dolan, had told him he was divorced. In a bald admission of perjury, the son claims that he did this in order to collect a death benefit as Dolan's only surviving relative. According to the son, this was required because the father had listed himself as single and had never "got around" to changing it. Even if believed, these tortuous rationalizations could not serve as a substitute for real evidence.

 It follows that the plaintiff has not rebutted the presumption that her second marriage to James P. Reilly was valid and that therefore she cannot recover benefits as the widow of her first husband, John J. Dolan. Even without the New York presumption, the Court would, nevertheless, be compelled to affirm the denial of benefits since the plaintiff "had the burden of proof * * to establish that the required conditions for eligibility had been met", Carqueville v. Flemming, 7 Cir. 1959, 263 F.2d 875, 877, and she has failed to do so. The findings of the Secretary are supported by substantial evidence, Walker v. Altmeyer, 2 Cir. 1943, 137 F.2d 531, and his conclusions of law are fully warranted. Accordingly, the final decision of the Secretary is affirmed.

Settle order within ten (10) days on two (2) days' notice.

aff'd In re Carr's Estate, App.Div.4th Dep't 1954, 284 App.Div. 930, 134 N.Y.S. 2d 280; In re Bauer's Will, App.Div.2nd

Dep't 1951, 278 App.Div. 658, 102 N.Y.S. 2d 577.