W. Vincent G-rady, S.
Decedent, B. Clark Hadley, died June 13, 1967 at Pleasant Valley, Dutchess County, New York, being at the time of his death a resident of Dutchess County. His will, executed September 7, 1962, was admitted to probate in this court on July 7, 1967 and respondent, Hortense Hadley qualified and was issued letters testamentary on that day.
Petitioner herein, Laura H. Hadley, has filed dual petitions, one to exercise her right of election as surviving spouse of decedent and a second, praying that the court revoke letters testamentary issued previously to Hortense Hadley.
An answer was interposed to both petitions and both proceedings were heard before this court on March 21, 1968. Upon the trial, petitioner testified that she entered into a ceremonial marriage with decedent in the Town of Bedford, Westchester County, New York on or about the 5th day of August, 1936. A certified copy of a marriage certificate to that effect was *653 received in evidence. Petitioner further testified that thereafter she and decedent lived togther at the Ansonia Hotel in New York City for a period of approximately two years, subsequent to which she returned to Toronto, Canada. There was other testimony by petitioner that in the fall of 1939, she and decedent lived together at the Hotel Willard for a period of some six months. Thereafter, except for alleged sporadic visits and correspondence, it appears that decedent and petitioner never did resume the marital relationship.
Respondent, when called as a witness, testified that she had married the decedent Hadley in Jersey City, New Jersey, on February 7,1928. A certified photostatic copy of a New Jersey marriage certificate dated on that day was received in evidence. The certification indicates that the certificate was issued by the State Department of Health of New Jersey and contained the raised seal of said State department. Respondent further testified that she had never instituted any proceedings for divorce, annulment or separation and further, that she had never been served with process in any such action or proceeding in any jurisdiction. It appears from the testimony of respondent and other witnesses that respondent and decedent resided together in New York City from February, 1928 until 1935, at which time respondent moved to Chicago, Illinois. Thereafter, in the middle 1940 ’s, respondent and decedent reunited and lived together as husband and wife until he died in 1967.
It is the general rule in New York that there is a presumption operating in favor of the second of two marriages. This is particularly so in actions and proceedings involving heirship and legitimacy of children. (See Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Callahan, 142 Misc. 28, affd. 236 App. Div. 814, affd. 262 N. Y. 524.)
The presumption of validity of a second marriage is not so strong when there are no issue of said second marriage. (Matter of Bauer, 278 App. Div. 658.) Obviously, the effect to be given the presumption in given cases is dependent on the facts thereof and the inference which may be drawn therefrom.
In the instant case, one noticeable fact distinguishes it from all of the cases cited herein. A few years after decedent’s alleged second marriage, he returned to his first wife and lived with her continuously until his death in 1967.
The court is of the opinion that sufficient proof has been offered by respondent to overcome the presumption that operates in favor of the second marriage. (See Matter of Vargo, 282 App. Div. 701; Rudyk v. Rudyk, 198 Misc. 260, 263, affd. 278 App. Div. 837.) Once respondent has met the necessary *654 burden, then it is upon petitioner to go forward with the proof and show that decedent was competent to contract the second marriage. (See Matter of Terry, 32 Misc 2d 470; Matter of Carr, 134 N. Y. S. 2d 513, 518, affd. 284 App. Div. 930, mot. for rearg. den. 285 App. Div. 999.)
After hearing the testimony, reading the briefs of respective counsel and based on all of the papers and proceedings filed herein, the court decides and finds as follows:
(1) The application for revocation of letters testamentary is denied and the petition is dismissed.
(2) The claim of petitioner Laura H. Hadley to an elective share of the estate of the decedent, as his surviving spouse, is also denied and the petition dismissed.