■ MARGARET FISHMAN, Appellant, v STANFORD FISHMAN, Respondent. —In an action to declare the nullity of a marriage, plaintiff appeals from (1) an order of the Supreme Court, Queens County, dated November 22, 1974, which denied her motion to set aside a decision of the said court and to declare the nullity of the marriage and (2) an order of the same court, dated December 27, 1974, which dismissed the action. Orders reversed, on the law and the facts, without costs; motion granted; plaintiff's marriage to defendant is declared null and void; and the action is remanded to Special Term for the entry of a judgment consistent herewith. Plaintiff instituted this action on the ground that defendant had a prior wife living at the time of his marriage to plaintiff, which prior marriage had not been validly dissolved or terminated. In her complaint, which was personally served on defendant, plaintiff alleged that she and defendant were married on June 20, 1964 in Queens, New York, and that they had no children. Plaintiff further alleged that defendant and one Doris Davis had been married in Maryland on September 26, 1956; that Doris Davis "was and now is living"; and that defendant's prior marriage to Doris Davis had never been validly terminated or dissolved. Defendant defaulted in answering the complaint. At the trial, a certificate indicating the marriage of defendant to Doris Davis in Maryland on September 26, 1956 was admitted into evidence. Plaintiff testified that she had spoken to defendant a few weeks prior to the trial. She was then asked by her counsel: "Q. Can you tell the court what he said to you and what you said to him with relation to whether or not he got a divorce from Doris Davis? A. I asked him and he said no. * * * Q. Now, at that time, did you ask him where Doris Davis was? A. Yes. Q. What did he say to you? A. He said she was down south. Q. * * * Did he tell you where she lived permanently? A. Yes. He said she lived at 115 Avenue and Lincoln Place [Queens]". In response to a question from the Trial Judge, plaintiff's counsel indicated that defendant had successfully evaded several subpoenas. An affidavit of personal service of the summons and complaint and an affidavit of nonmilitary service were also admitted into evidence. After the trial, Special Term handed down a memorandum decision which held that the action should be dismissed. Plaintiff moved to set aside the decision and annexed to her moving papers a copy of the application for a marriage

license for her marriage to defendant (previously unavailable) wherein he indicated that his marriage to plaintiff was his first. In addition, plaintiff annexed the affidavit of a private investigator (which also was unavailable at time of the trial) who stated therein that he visited Doris Davis' last known address, in Queens, New York, on May 9, 1974, and spoke to her parents. According to the investigator, Davis' parents told him that their daughter had moved "down South" a year before; that they knew plaintiff; and that defendant left their daughter years before because of plaintiff. Doris Davis' parents told him that they knew nothing more of their daughter's whereabouts and would not honor a subpoena to testify. In our opinion, Special Term erred in dismissing plaintiff's action. It is true that there is a rebuttable presumption in favor of the validity of the second of two successive marriages and that, to rebut that presumption, plaintiff has the burden of proving that, at the time of her marriage to defendant, he had a wife still living and that his first marriage had not been validly terminated or dissolved *(Matter of Meehan,* 150 App Div 681; *Whittleton v Whittleton,* 3 Misc 2d 542; *Apelbaum v Apelbaum,* 9 Misc 2d 677, affd 7 AD2d 911; *McCarter v McCarter,* 27 Misc 2d 610). Moreover, the relevant statute (Domestic Relations Law, § 144, subd 2) provides that "In any action, whether or not contested, brought to annul a marriage, the declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced." It has been held that the phrase "other satisfactory evidence of the facts" means "other material from other sources, substantial and reliable enough to satisfy the conscience of the trier of the facts" *(de Baillet-Latour v de Baillet-Latour,* 301 NY 428, 434). In the case at bar, defendant's extrajudicial admission was buttressed by the admission into evidence of the marriage record of defendant and Doris Davis in 1956, which was presumptive proof of the validity of that prior marriage. Moreover, the record indicates that at the time of his marriage to plaintiff, defendant indicated, on the application for the marriage license, that it was to be his first marriage. This false information, submitted by defendant to the clerk of the Marriage License Bureau, compels the inference that his prior marriage had never been legally terminated and constitutes competent and independent circumstantial evidence of plaintiff's allegations *(Whittleton v Whittleton, supra).* Finally, the private investigator's affidavit, while consisting of hearsay, also served to strengthen plaintiff's case. The sufficiency of the corroboration necessary to establish the grounds for a declaration of the nullity of a marriage is not to be scaled by the rule of evidence, but by the guidance of the judicial conscience (cf. *Bruno v Bruno,* 70 Misc 2d 284). Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.