Vera MILANO, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 82 CV 2280.

United States District Court,
E.D. New York.

May 18, 1984.

Vera Milano, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendant; Igou M. Allbray, Asst. U.S. Atty., Brooklyn, Tex., of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought under section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary"). The Secretary found that plaintiff was not the lawful widow of the deceased wage earner, Sebastian Milano, and therefore was not entitled to widow's disability insurance benefits.

Plaintiff filed an application for widow's disability insurance benefits on July 2, 1980 (Transcript of Administrative Proceedings ("Tr.") 120–25), alleging that she was the widow of Sebastian Milano. The application was denied initially, and on reconsideration (Tr. 164–66). Plaintiff requested a hearing which was held on June 3, 1981 (Tr. 25–40), and September 17, 1981 (Tr. 41–111). The Administrative Law Judge ("ALJ") before whom plaintiff appeared considered the case *de novo*, and on February 28, 1982 found that plaintiff was not entitled to benefits because she was not the lawful widow of Sebastian Milano (Tr. 14–20). The decision of the ALJ became the final decision of the Secretary when the Appeals Council approved it on June 22, 1982 (Tr. 3–4).

### Facts

Plaintiff, Vera Milano, married Sebastian Milano in Queens, New York on July 20, 1973 (Tr. 197). In applying for the marriage certificate, Sebastian stated that he had never before been married and that his birth date was August 20, 1917 (Tr. 196). When he applied for retirement benefits on September 3, 1975, however, Sebastian gave his date of birth as October 5, 1907 and listed a previous marriage to Filomena Milano which had allegedly ended in divorce in 1945 in Brooklyn, New York (Tr. 136–39).

Sebastian and Filomena were married in Brooklyn on September 4, 1926 (Tr. 158). Sebastian apparently left Filomena in 1939 because of marital difficulties (Tr. 128).

When Filomena applied for her own retirement benefits on July 8, 1971, she stated that she was still married to Sebastian (Tr. 112–15).

Sebastian died domiciled in New York on January 7, 1980 (Tr. 126). Filomena applied for widow's insurance benefits on June 27, 1980 and stated that her marriage to Sebastian had continued until his death (Tr. 127). Five days later, Vera, in turn, applied for widow's disability insurance benefits (Tr. 120–25). In that application Vera stated that she had married Sebastian in 1973 and that he had been previously married to a Josephine (presumably a mistaken reference to Filomena) Milano, from whom she alleged he was divorced in New York in 1940 (Tr. 121).

## Discussion

The Act provides for payment of widow's insurance benefits to the widow and surviving divorced wife of an individual who dies fully insured by the Social Security system. 42 U.S.C. § 402(e). Section 416(h)(1)(A) provides that the determination whether an applicant is the widow of a deceased wage earner is to be made in accordance with the law of the state in which the wage earner was domiciled at death.[1]

■ If the applicant went through a marriage ceremony in good faith she may be "deemed" a widow and therefore entitled to benefits.[2] However, to effectuate "the congressional policy against double dipping," *Martin v. Harris*, 653 F.2d 428, 435 (10th Cir.1981), *cert. denied*, 454 U.S. 1165, 102 S.Ct. 1039, 71 L.Ed.2d 321 (1982), the section also provides that a "deemed" widow will not receive benefits if another person is entitled to them as the legal widow.[3] The ALJ found that Filomena is the legal widow of Sebastian and, accordingly, she alone is entitled to benefits. The question, therefore, is whether there is substantial evidence to support the ALJ's decision that Filomena, the first wife, is the legal widow of Sebastian Milano.

■ Under 42 U.S.C. § 416(h)(1)(A), New York law governs this determination because Sebastian was domiciled in New York when he died. New York Domestic Relations Law § 6 provides:

A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either:

1. Such former marriage has been annulled or has been dissolved for a cause other than the adultery of such person;

1. An applicant is the ... widow ... of a fully ... insured individual for purposes of this subchapter if ... the courts of the State in which he was domiciled at the time of his death ... would find that such applicant and such insured individual were validly married at the time he died.... If such courts would not find that such applicant and such insured individual were validly married at such time, such applicant shall, nevertheless, be deemed to be the ... widow ... of such insured individual if such applicant would, under the laws applied by such courts in determining the devolution of intestate personal property, have the same status with respect to the taking of such property as a ... widow ... of such insured individual.
42 U.S.C. § 416(h)(1)(A).

2. The first sentence of 42 U.S.C. § 416(h)(1)(B) states:
In any case where under subparagraph (A) an applicant is not ... the ... widow ..., but it is established to the satisfaction of the Secretary that such applicant in good faith went through a marriage ceremony with [a fully insured] individual resulting in a purported marriage between them which, but for a legal

impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, and such applicant and the insured individual were living in the same household at the time of the death of such insured individual ..., then, for purposes of subparagraph (A) ..., such purported marriage shall be deemed to be a valid marriage.

3. The second sentence of 42 U.S.C. § 416(h)(1)(B) states:
The provisions [entitling the "deemed" widow to benefits] shall not apply (i) if another person is or has been entitled to a benefit ... on the basis of the wages and self-employment income of such insured individual and such other person is ... a ... widow ... of such insured individual under subparagraph (A) at the time such applicant files the application, or (ii) if the Secretary determines, on the basis of information brought to his attention, that such applicant entered into such purported marriage with such insured individual with knowledge that it would not be a valid marriage.

provided, that if such former marriage has been dissolved for the cause of adultery of such person, he or she may marry again in the cases provided for in section eight of this chapter and such subsequent marriage shall be valid...

When several ceremonial marriages occur, New York recognizes a rebuttable presumption in favor of the latest marriage. *See, e.g., Steele v. Richardson,* 472 F.2d 49, 51 (2d Cir.1972); *In re Terry's Estate,* 32 Misc.2d 470, 222 N.Y.S.2d 865, 866 (Sur.Ct. N.Y.Co.1961); *In re Meehan's Estate,* 150 A.D. 681, 135 N.Y.S. 723 (1st Dep't 1912).

Plaintiff wraps herself in this presumption, urging an interpretation of the presumption that would "plac[e] a virtually insurmountable burden of negative proof on the party alleging nondivorce." *Grey v. Heckler,* 721 F.2d 41, 44 (2d Cir.1983) (discussing Illinois law). New York courts, however, have recognized "[t]he limited character of the presumption." *Dolan v. Celebrezze,* 381 F.2d 231, 234 (2d Cir.1967). The circumstances of each case " 'bear on the effect to be given to the presumption' .... [It] is not resorted to unless the actual evidence is inadequate for determining the question...." *Id.* at 236 (quoting *In re Carr's Estate,* 134 N.Y.S.2d 513 (Sur. Ct.Chatauqua Co.1953), *aff'd,* 284 A.D. 930, 134 N.Y.S.2d 280 (4th Dep't 1954)). Furthermore, the presumption is not as strong in a case such as this where no children are involved. *Dolan v. Celebrezze, supra,* 381 F.2d at 235 (quoting *In re Bauer's Will,* 278 A.D. 658, 102 N.Y.S.2d 577 (2d Dep't 1951)); *In re Estate of Hadley,* 57 Misc.2d 652, 293 N.Y.S.2d 224 (Sur.Ct.Dutchess Co. 1968), *aff'd,* 32 A.D.2d 1078, 303 N.Y.S.2d 1012 (2d Dep't 1969).

■ The ALJ found that the evidence in this case was sufficient to overcome the presumption of the validity of the last ceremonial marriage (between plaintiff and Sebastian Milano) and that, therefore, Filomena Milano is Sebastian's legal widow (Tr. 19). I find, for several reasons, that the decision is supported by substantial evidence.

■ First, Filomena asserts that she and Sebastian were never divorced (Tr. 141), and that their marriage ended only upon his death (Tr. 127). Testimony by the first wife that she neither instituted divorce proceedings nor received any papers in such an action is some evidence of the continuing validity of the first marriage. *See In re Terry's Estate, supra,* 222 N.Y.S.2d at 866; *In re Lancaster's Estate,* 30 Misc.2d 7, 209 N.Y.S.2d 395, 400 (Sur.Ct.N.Y.Co. 1960). That evidence is bolstered in this case by plaintiff's admission that to her knowledge Sebastian and Filomena were never divorced (Tr. 23).

The fact that Sebastian had to lie (about having been married before) in his application for the license to marry plaintiff also lends credence to the claim that Sebastian and Filomena were never divorced. *See Fishman v. Fishman,* 48 A.D.2d 876, 369 N.Y.S.2d 756, 759 (2d Dep't 1975); *In re Bauer's Will, supra; In re Terry's Estate, supra.* Such falsifications "tend against the claim he was divorced since there would have been no need for him thus to lie [that he had never been married] if [he had in fact been divorced]." *Dolan v. Celebrezze, supra,* 381 F.2d at 234.

In addition, a search of divorce records was made, based on plaintiff's testimony that the deceased had at one time resided in Delaware and that he had resided in Brooklyn from 1960 until his death in 1980. Despite Sebastian's statement on his application for retirement benefits that he had been divorced from Filomena in Brooklyn in 1945, a search of Delaware records through 1960 and Brooklyn records through 1980 disclosed no record of a divorce.

The ALJ found this evidence to be sufficient to rebut the presumption of validity of the second marriage. Plaintiff produced no evidence that the first marriage had been dissolved, choosing to rely solely on the presumption and on Sebastian's assertion, when he applied for benefits, that he had been divorced. The ALJ thus properly determined that Filomena was the lawful widow of wage earner Sebastian Milano. *See Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978).

This does not end the inquiry, however. The ALJ also found that plaintiff, the second wife, "truly believed that the wage earner was free to marry at the time of their marriage." (Tr. 17). This finding of good faith would entitle plaintiff to benefits as a "deemed" widow were it not for the provision that the "deemed" widow cannot recover if a legal widow is entitled to benefits on the wage earner's account. 42 U.S.C. § 416(h)(1)(B).

 The Second Circuit, however, has fashioned a unique approach to do equity in cases such as this, where the lawful surviving spouse is already entitled to primary retirement benefits based on her own work record. *Rosenberg v. Richardson*, 538 F.2d 487 (2d Cir.1976). If the legal widow's primary benefits, earned in her own right, exceed her secondary spousal benefits, earned in her husband's right, she is not entitled to the latter at all;[4] and the second wife, the "deemed" widow, may receive the surviving spouse's benefits. Where the legal widow's primary benefits are less than her secondary spousal benefits, however, she is entitled to all benefits on the deceased wage earner's account.

Although 42 U.S.C. § 416(h)(1)(B) states that the "deemed" widow's entitlement ends if another person is entitled to "*a* benefit," the *Rosenberg* Court read the provision to preclude payment of benefits to the "deemed" widow only if the legal widow received the *full* benefit available on the basis of the deceased wage earner's work record. *Rosenberg v. Richardson, supra,* 538 F.2d at 491. Congress could not have "intended a 'deemed' widow ... to forfeit *all* benefits merely because an infinitesimal fraction of the full widow's benefit [paid for by the wage earner] was required to go to his 'legal' widow." *Id.* at 490 (emphasis in original). Accordingly, the "deemed" widow in *Rosenberg* received the widow's benefit on the wage earner's ac-

count, "deducting the portion being applied to augment the amount [the legal widow] was receiving on her own work account." *Id.* at 490–91.

The *Rosenberg* doctrine applies here. The legal widow, Filomena, receives benefits on her own account; and she is also entitled to benefits as Sebastian's widow. Plaintiff, as a "deemed" widow, may be entitled to receive a widow's benefit if Sebastian's work account is not exhausted by payments to Filomena.

Accordingly, I remand this case to the ALJ for a calculation of benefits consistent with *Rosenberg,* with its recent reaffirmation in *Capitano v. Secretary of Health and Human Services,* 732 F.2d 1066 (2d Cir.1984), and with this opinion.

SO ORDERED.

---

4. 42 U.S.C. § 402(e) provides:

(1) The widow ... of an individual who died a fully insured individual ... [who meets the four statutory requirements] shall be entitled to a widow's insurance benefit for each month...

ending with the month preceding the first month in which any of the following occurs: she remarries, dies, becomes entitled to an old-age insurance benefit equal to or exceeding the primary insurance amount of such deceased individual.