■ In the Matter of the Estate of Elian S. Warren, Deceased. Tessie Warren, Appellant; Helen Spittel et al., Respondents.—In a proceeding to determine the validity and effect of an election exercised pursuant to EPTL 5-1.1, the petitioner appeals from (1) an order of the Surrogate's Court, Queens County (Laurino, S.), dated June 18, 1986, which granted the respondents' motion for summary judgment dismissing the petition, (2) an order of the same court, also dated June 18, 1986, which, in effect, upon reargument, adhered to its original decision granting summary judgment to the respondents; and (3) an order of the same court, dated August

27, 1986, which denied the petitioner's motion, *inter alia,* for injunctive relief and for renewal of the respondents' motion for summary judgment.

Ordered that the appeal from the order dated June 18, 1986, which, in effect, upon reargument, adhered to its original decision, is dismissed, without costs or disbursements, as no appeal lies from an order made upon reargument of a decision, and it is further,

Ordered that the order dated June 18, 1986, granting the respondents' motion for summary judgment, and the order dated August 27, 1986, are affirmed, without costs or disbursements.

This proceeding arose from an attempt by the petitioner to exercise a right of election against the estate of the decedent, Elian S. Warren. The petitioner had gone through a marriage ceremony with the decedent on February 9, 1980. After the executrix of the estate rejected the petitioner's right to share in the estate, the petitioner commenced the instant proceeding seeking a decree determining the validity of her right of election. The respondents sought summary judgment and submitted a copy of a 1981 divorce judgment which showed that the decedent had married Sofy Washkevich in Poland in 1924 and that his divorce from her was not final until April 30, 1981, a date more than a year after the decedent married the petitioner, thus establishing that the petitioner's marriage to the decedent was void. The motion for summary judgment was granted. The petitioner's subsequent motions to set aside the granting of summary judgment to the respondents were all denied.

We agree with the Surrogate that the divorce judgment, which established that Sofy Washkevich and the decedent were married to one another on the date that the decedent entered into his purported marriage with the petitioner, was sufficient to rebut the presumption of the validity of the later marriage *(see, Matter of Brown,* 40 NY2d 938; *Fishman v Fishman,* 48 AD2d 876; *Matter of Bauer,* 278 App Div 658; Annotation, *Presumption as to Validity of Second Marriage,* 14 ALR2d 7). Once the respondents submitted this evidence, it was incumbent upon the petitioner to submit admissible evidence to raise an issue of fact as to the validity of her marriage to the decedent *(see, Zuckerman v City of New York,* 49 NY2d 557). The petitioner did not submit any such evidence, instead relying on speculation that the decedent's prior marriage might never have been entered into, that the mar-

riage was somehow dissolved prior to the date of the petitioner's marriage to the decedent, or that the divorce judgment might have been invalid for some reason. Such speculations are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York, supra)*. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.